Keyte v. Plemmons.

KEYTE *et al.*, Plaintiffs in Error, v. PLEMMONS *et al.*, Defendants in Error.

1. Each court may control the execution of its own process. Should a court, in a suit for partition, order a sale of land situate in a county other than that in which the suit is pending, it may entertain a motion to set such sale aside on the ground of fraud on the part of the purchaser.
2. Should, however, an original action be instituted to set aside such sale, it must be brought in the county in which the land is situated.

*Error to Carroll Circuit Court.*

*Davis*, for plaintiffs in error.

I. Inasmuch as the lands are situate in Carroll county and this is an original suit affecting the title to the lands on account of fraud in the sale, no other court has original jurisdiction of the subject of this suit. (R. C. 1855, p. ——, art. 4, § 3.)

*Harris*, for defendants in error.

I. The circuit court of Carroll county had no jurisdiction of the action because the sale which is attacked by the petition was made under and by virtue of a process or order emanating from the circuit court of Clinton county. The latter court had the sole control of all proceedings under its order. (See McDonald v. Tiernan, 17 Mo. 604; Pettus v. Elgin, 11 Mo. 411.)

SCOTT, Judge, delivered the opinion of the court.

By virtue of a judgment in partition rendered by the Chariton circuit court in May, 1855, land belonging to the estate of Jas. Keyte, deceased, lying in Carroll county, was sold by the sheriff of that county. At the sale the ancestor of the defendants became the purchaser at a greatly reduced price in consequence as it is alleged of the fraudulent misrepresentations made by him. This suit was brought in the Carroll circuit court by the heirs of Keyte against the heirs

of the purchaser to set aside the sale for the alleged fraud. The court below sustained a demurrer to the petition on the ground that the Carroll circuit court had no jurisdiction of the cause.

The parties interested in the sale had the option of two remedies for the misconduct of the purchaser—a motion in the court where the judgment was rendered to set aside the sale at the coming in of the report, or an original action to vacate the proceedings for fraud. Had the former remedy been adopted then the principle of the cases of Pettus v. Elgin, 11 Mo. 411, and McDonald v. Tiernan, 17 Mo. 603, would have been applicable, and the motion would have been properly made in the Chariton circuit court, as that court alone had the control of the execution of its process. But as the plaintiffs did not see proper to pursue this remedy, but adopted that of an original petition, they had no other guide to direct them as to the court in which their suit should be brought than that furnished by the fourth article of the act concerning practice in civil cases. (R. C. 1855, p. 1221.) The third section of that act prescribes that suits concerning real estate, or whereby the same may be affected, shall be brought in the county within which said real estate or some part thereof is situate. As this was an original suit, the fact as to the manner in which the land affected by it was acquired could have no influence in determining the question of jurisdiction. It is sufficient that the land is situate in the county in which the suit is brought, without any inquiry as to the means by which it was obtained.

Reversed and remanded; Judge Richardson concurs. Judge Napton absent.