SAMUEL ENSWORTH, Appellant, *v.* CHARLES F. HOLLY *et al.*, Respondents.

*Jurisdiction.*—A suit for the specific performance of a contract for the sale of real estate must be brought in the county in which the lands are situate. (R. C. 1855, p. 1221, § 3.) The residence of the parties does not confer jurisdiction.

*Appeal from Buchanan Common Pleas Court.*

*Ensworth,* for appellant:

I. The gist of the action is the breach of the contract. The action for a breach of contract is a personal action, not a real action. A real action is an action concerning real estate, or an action whereby the same may be affected, as in suit to recover the land or the possession. A suit to sell the land by enforcement of a lien or otherwise, a suit to abate a nuisance, and in all such like cases which affect the land and not the person, the venue is local.

Personal actions affect the person and not the real estate or tangible property in lands, houses or tenements, and are transitory; and this is the distinction made at common law, and is endeavored to be carried out in the statute under consideration. (1 Bac. Abr. 87; 2 Sto. Eq. 61–2; 1 Sand. on Plead. & Ev. 412; 1 Chit. Plead. 298; 1 Bac. Abr. 58; 6 Jac. Law Dic. 334; 3 Black. Com. 294; 2 Kent's Com. 463, & 590–1. See the following Reports: 3 Atk. 589; 1 Vernon 77, 135 & 419; 1 Vesey, 444; 3 Vesey, 182–3; 12 Vesey 323; 6 Cranch, 148 & 160, and cases cited; 1 Hopk. 213; 2 Paige, 402 & 606; 3 Edw. Chy. R. 152; 9 Paige, 280; Wythe, Va. 135; 6 Wharton, 392; 11 Pet. 25; 1 Story, 531.)

I conceive that the words and phrases used in the foregoing cited cases and authorities have the same meaning as the words and phrases used in the statute under consideration.

The act of the Legislature, March 7, 1855, in the revision of 1841,· to regulate the practice in chancery, page 506, section 2, uses the same language in regard to venue that is used in the statute under consideration. (11 Mo. 48; Mason v. Warren, 31 Mo. 508, and authorities there cited.) The principles sustained in these two decisions of the court clearly carry out the idea that the principles of the common law are the principles enumerated by the statute regulating the venue in civil cases.

The title to real estate is one thing, the evidence of title is another, and both are distinct from the estate itself. The estate and evidences of title are tangible things or objects. The title is intangible. The suit to recover the evidences of title, to wit, the grants, charters and deeds, is detinue, a personal action. (1 Chit. Plead. 122; 4 T. R. 229 & 232.)

A suit for a rescission of a contract in regard to the conveyance of land is a suit concerning real estate, or a suit whereby the same may be affected, as much so as the suit for the specific performance of the contract. Such suits are altogether transitory. (See 3 Ky. Dana, 34; 2 Story's Eq. § 743–4, & p. 61, 6th ed.)

*H. M. & A. H. Vories*, for respondents.

I. The only question presented in the record in this case is whether the suit is an action concerning real estate, or whereby real estate may be affected, within the meaning of our statute, and thereby required to be brought in the county where the land or some part thereof is situated. If it is, the demurrer was properly sustained. (See R. C. 1855, p. 1221, § 3; Ulrich v. McCarty, 11 Mo. 42.)

Under our present practice the defendant may demur if it appears in the pleadings that the court has no jurisdiction of the person or subject matter of the suit. (R. C. 1855, p. 1231, § 6.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit for the specific execution of a contract for the sale of land, brought in the county of Buchanan.

The petition showed that the lands sued for lay wholly in the counties of Gentry and Holt. The defendants demurred to the petition and assigned for cause that the court had no jurisdiction of the subject of the action; the demurrer was sustained and the plaintiff brings the case to this court by appeal.

The demurrer was properly sustained. "Suits concerning real estate, or whereby the same may be affected, shall be brought in the county within which such real estate or some part thereof is situate." (§ 3, art. 4, R. C. 1855, p. 1221.) Surely this was a suit which concerned or affected real estate. Its only object was the legal title to the lands in controversy. The Buchanan court clearly had no jurisdiction, and the objection appearing on the face of the petition, was the ground of demurrer under the provisions of the 6th section of art. 6 of the practice act. (R. C. 1855, p. 1231.)

The other judges concurring, the judgment of the Common Pleas is affirmed.