———o———

LUCINDA DOUGHERTY, Respondent, *vs.* GEORGE L. BARNES, Appellant.

1. *Dower—Devise—Renunciation of, must be filed, when.*—Under the statute relating to dower (Wagn. Stat. 541, § 10) where land is devised to the wife by the will, she cannot hold her dower unless her renunciation of the devise be filed within one year after probate.

*Appeal from Franklin Circuit Court.*

*John W. Boottie,* for Appellant, cited: see Aubuchon vs. Lory, 23 Mo. 99; Lackland vs. Stephenson, 54 Mo. 108; Matney vs. Graham, 50 Mo. 559.

*John R. Martin,* for Respondent, cited; Bretz vs. Matney, 60 Mo. 444.

NORTON, Judge, delivered the opinion of the court.

This is a suit instituted by plaintiff for the assignment of dower to her in certain lands in Franklin county, to which she claims, title as the widow of John W. Dougherty who it is alleged owned the lands in fee at the time of his death.

Defendant in his answer alleges that Dougherty, the husband of plaintiff, died in December, 1863, leaving a will containing a devise to plaintiff of all his real and personal estate during her widowhood, charged with the duty of raising and educating the children of the said John W. out of the profits of the same;

that said will was duly admitted to probate and letters testamentary were granted to one Sweet, who in 1867, under an order of the county court, sold the land, (in which dower is claimed) for the payment of debts, to defendant for the sum of $2,214, which sale was approved by the court and a deed made by said administrator to defendant in 1868. It is further alleged that plaintiff received the entire profits of said land from the death of her husband till said sale, and that there was in the hands of the administrator, after payment of debts, a sum of money, the yearly value of which exceeds the one-third of the yearly value of said land.

It is further alleged that the plaintiff did not file her written or any other renunciation of the provisions of the will as provided by the statute within twelve months, or any other time after probate of the same, but that she accepted the provisions of the will by enjoying the rents and profits of the land till it was sold and receiving, after it was sold, part or the whole of the proceeds of the sale remaining after the payment of debts.

Plaintiff admits in the replication that she did not elect not to take under the provisions of the will, and alleges that at no time prior to the sale of said land did she know, or could she have known, the value of the estate devised; and denies that any portion of the proceeds of the sale of said lands was paid to her in lieu of her dower.

There was a trial and decree by the court for plaintiff, from which defendant appeals.

The evidence in the case tends strongly to show that plaintiff was acquainted with the provisions of the will at the time it was made, that she was informed by the executor of his intention to sell the lands before they were sold, and that after the sale to defendant she was informed of it fully, and requested the administrator to lay out the proceeds of the sale for her, in lands in Johnson county. It further shows that plaintiff occupied the land for one year, and rented it and received the proceeds for two or three years, and up to the time defendant went into possession under his purchase; that after the sale the executor paid plaintiff a portion of the proceeds of the sale and that plaintiff executed one re-

ceipt in 1870 for $84, and another in December 1871 for $50, four months before this suit was brought, in which she acknowledged to have received the respective amounts under the will of her husband. The final settlement of the executor was also in evidence, showing in his hands a balance of $1,421.

The question presented under the above facts, with the fact admitted in the pleading that plaintiff did not file a written renunciation of the devise in the will as required by law, is, can dower be assigned to plaintiff in the lands sold by the executor to defendant?

Under our statute, §§ 15 and 16, (Wagn. Stat. 541) the devise in the will of plaintiff's husband of all his real and personal estate during widowhood, is to be considered as a devise in lieu of dower, it not being otherwise expressed in the will, and she cannot be endowed in the real estate in question unless she has within twelve months filed a written renunciation of the provisions of the will as is therein required. If this written refusal to accept the provisions of the will is not filed within twelve months after probate of the will by the wife, the law presumes her to have acquiesced. At any time within the year she may reject the provisions of the will, and the law has justly and wisely given her that length of time within which to inform herself as to the condition of the estate, and to determine the question as to whether or not it is to her interest to accept the provision made, or to reject it and be endowed under the other provisions of the statute.

While the statute by fixing the time at twelve months from probate of will does not precipitate or require a hurried decision, it was evidently the purpose of the legislature to prescribe a limit to its exercise, and not to grant an indefinite period during which purchasers and creditors could acquire rights as sacred and just as the wife's, and which it would be inequitable to disturb. This view is sustained, when considered in connection with the fact that the writing is required to be signed and acknowledged, as in case of deeds for land, and filed in the office of the court in which the will is proved and recorded. The evident object of this is to protect creditors and purchasers by enabling them to inspect the

instrument if it is filed, and if no such instrument is on file they can well act on the presumption that the provisons of the will have been accepted. The plaintiff cannot take both under the law and under the will, and in the absence of proof of fraud, chicanery or contrivance to induce plaintiff to acquiesce in the provisions of the will, or to refuse to accept its provisions, this court cannot interfere and.allow that to be done in eight years which the statute required to be done in one. (Lackland, Adm'r, vs. Stevenson, 54 Mo. 110 ; Bretz vs. Matney, Ex'r, 60 Mo. 444 ; Aubuchon vs. Lory, 24 Mo. 99.)

We think the court erred in refusing the instructions of.defendant, asked upon the above theory, and in rendering a decree for plaintiff, assigning dower.

Judgment reversed, and cause remanded in which the other judges concur.