# ROBERT H. CASTLEMAN v. BEN T. CASTLE-MAN, Appellant.

**Division One, November 23, 1904.**

1. **JURISDICTION: Equity: Suit to Set Aside Deed: Place to Bring Suit.** Although an equity suit is personal in its character, and as a rule it must seek the person to be affected thereby in the county of his residence, regardless of where the thing in controversy may be, yet the statutory exception to the rule requires "suits for the possession of real estate, or whereby title thereto may be affected," to be "brought in the county where such real estate, or some part thereof, is situated," and hence a suit in equity to set aside deeds to land should be brought in the county where the land lies, notwithstanding the fact that defendant resides in some other county and is not found in the county where the land lies.

2. **PLEADING: Amendment: New Cause: Waiver.** By answering to the merits and going to trial, defendant waives the objection that plaintiff by amending his petition has introduced a new cause of action.

3. **————: ————: ————: Suit to Set Aside Deed: Enlarging Interest: Consistent Proof.** The original petition sought to have a deed set aside as having been induced by the fraudulent representation of defendant, and it was stated therein that plaintiff's interest in the land was one-fourth, and that defendant owned the rest. Afterwards plaintiff filed an amended petition in which he alleged that, according to facts discovered since the suit was brought, of which both he and the defendant were ignorant at the time the deed was made, his interest was one-half, and charged that, in addition to the fraudulent representation of defendant, the deed was executed under a mistake of fact mutual to plaintiff and defendant. *Held*, that, the amended petition should not have been stricken out on the ground that it introduced a new cause of action, for, although the amended petition sought to have the deed set aside on two grounds, fraud and mutual mistake, whereas the first sought its cancellation on the ground of fraud only, the object of the suit was in each case the same, namely, the cancellation of the deed, and the proof of either ground set up in the amended petition would not be inconsistent with proof of the other.

4. ———: **Answer and Cross-Bill: Reply: Judgment on Pleadings.**
Where defendant in his pleadings blends matter designed as
a plea in defense with matter designed to be a cross-bill, in such
a way that it can not be determined what is designed for de-
fense and what for cross-bill, and plaintiff replies by a general
denial to the new matter pleaded; defendant is in no position
to ask for judgment by confession on the cross-bill.

5. **SETTING ASIDE DEED: Mutual Mistake.** At the time the
deed was made defendant wrote plaintiff that his interest in the
land was a contingent remainder in one-fourth, and the deed
was made in pursuance to that letter. At that time both un-
derstood that their grandmother had made her election to take
a child's part, whereas the fact that her declaration to that
effect had not been filed in the recorder's office in her lifetime
was not discovered until after suit was brought, and for that
reason plaintiff's interest was an undivided half. *Held*, that
their minds never met on a sale of a half interest and hence
the deed could be set aside as made in pursuance to a mutual
mistake of fact.

6. **DOWER: Election: Filing.** The election of a widow to take a
child's part in her deceased husband's estate must be filed dur-
ing her lifetime, by her or her agent. It can not be filed by her
agent after her death, for if she dies she thereafter has no
agent. And although a paper purporting to be her declaration
of an election be signed and acknowledged during her lifetime
and within the statutory period, yet if it is not filed with the
recorder during her lifetime it is of no legal effect and does not
affect the title to real estate. The mere delivery of such dec-
laration to one of her heirs, or to any other person, in her life-
time, is of no legal consequence.

7. ———: ———: **Life Estate to Widow: Renunciation.** A testa-
tor by will gave his widow an undivided half of the land, and
at her death that half was to go to trustees named for the use
of his daughter for life, and at her death to her children then
living, in fee. The other was devised to trustees for the use
of the daughter for life, and at her death to her children then
living, in fee. The widow renounced the will, but did not per-
fect her election of a child's part of his estate prior to her
death. *Held*, that her renunciation did not have the effect to
take one-half the estate wholly out of the will and leave it to
descend to the heirs, but only freed that half from the life estate
given her, leaving the daughter to take her life estate in the
whole, and her children living at her death the remainder in
fee.

Vol 184 mo—28

8. **LIFE ESTATE TO WIDOW:** Renunciation of Will: Estates Tail: Remainder. A will giving a life estate in one-half the estate to the widow, and then to trustees for the use of her daughter for life, and then to her children in fee, is not prohibited by the statute abolishing estates tail. Such a will does not give an estate to the daughter for life with remainder to the heirs of her body, nor is the estate given with any limitations to keep it in a line of descent beyond the testator's grandchildren.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*Ben T. Castleman pro se.*

(1)  A bill to set aside and cancel a deed conveying land is not a suit affecting the title to real estate within the meaning of the statute requiring such suits to be instituted in the county where the land lies.  18 Ency. Pl. and Pr., 790; Johnston v. Wadsworth, 24 Ore. 497; Olney v. Eaton, 66 Mo. 567; State ex rel. v. Zachritz, 166 Mo. 313.  Judicial rescission is an exclusively equitable remedy by bill.  18 Ency. Pl. and Pr., 752.  "In cases of fraud the jurisdiction of a court of chancery is sustained wherever the person is found, although lands not within the jurisdiction may be affected by the decree."  Massie v. Watts, 6 Cranch 160; Hart v. Sansom, 110 U. S. 154; De Kyln v. Watkins, 3 Sandf. Ch. 185; Davis v. Morriss' Executors, 76 Va. 21.  Jurisdiction can not be conferred on the Cooper Circuit Court by appending a prayer for partition, which is local, to a cause of action which is transitory.  Neal v. Reynolds, 38 Kan. 432.  (2)  The court erred in overruling the demurrer interposed by appellant before the introduction of any testimony by respondent.  The grounds of the demurrer were that the court had no jurisdiction and that the petition states no cause of action.  The petition recites, "and that plaintiff and defendant each had a contingent re-

mainder after said life estate in an undivided half thereof.'' And after setting out a deed of conveyance to an alleged agent of the defendant from plaintiff, alleges ''and he and his wife did, by their quit-claim deed, dated November 9, 1896, convey to the defendant all the interest in the said land which they acquired by the deed from the plaintiff to said Rutherford above mentioned.'' A quitclaim deed is inoperative to convey a contingent remainder. Rawle on Covenants of Title (5 Ed.), chap. 11, sec. 250; Maupin on Marketable Title to Real Estate (1 Ed.), chap. 21, sec. 218, p. 519; 1 Devlin, Deeds (2 Ed.), ch. 2, sec. 27. (3) The validity of this renunciation being thus conceded, it necessarily follows that as to that half of the property which was devised to Theodosia Harrison for life, Robert C. Harrison became intestate after such renunciation, and if the election of Theodosia Harrison was invalid, that half of the property at once descended to Sallie A. Castleman, his sole heir, in fee, and subsequently by deed executed by her and her husband to defendant, in September, 1894, it became the property of the defendant. The renunciation of a devise is the same as the effect of a lapse; the land devised in it goes as in the case of intestacy. 2 Dembitz on Land Titles, chap. 12, sec. 140, p. 104; Tiedeman on Real Property (2 Ed.), ch. 6, sec. 148. The defeat of a particular estate will defeat the remainder. 2 Washburn Real Property (6 Ed.), ch. 64, sec. 1547; 24 Enc. of Law (2 Ed.), pp. 410-11; Tiffany on Modern Law of Real Property, ch. 6, sec. 123, p. 295. This result cannot be avoided by construing what has taken effect as a remainder as a future use. 1 Tiffany on Modern Law of Real Property, ch. 6, sec. 136. (4) The court erred in failing to render judgment *pro confesso* on the cross-bill. Coach v. Circuit Judge, 97 Mich. 563.

*Sam C. Major, J. W. Jamison* and *W. M. Williams* for respondent.

(1) The action is one ''whereby the title to real

estate may be affected,''. and was properly brought in the circuit court of the county ''where such real estate is situate.'' R. S. 1899, sec. 564; Keyte v. Plemmons, 28 Mo. 104; Gregg v. Railroad, 48 Mo. App. 499; Magrew v. Foster, 54 Mo. 261; Stone v. Ins. Co., 78 Mo. 655; Railroad v. Estill, 147 U. S. 591.    (2)    There is no cross-bill in this case.   It is therefore useless to discuss the necessity, under our practice, for a separate answer to a cross-bill, in addition to plaintiff's reply.    Many of the different paragraphs of defendant's answer assert, upon their face, that they are pleaded as a defense.    It cannot be said that a separate and independent cross action is set up in the paper filed by the defendant.    (3) The court properly set aside the deeds under which defendant claims title to plaintiff's undivided interest in the real estate in controversy.    The decree should be upheld, if for no other reason, because the parties were mutually mistaken as to plaintiff's interest in said property.    Plaintiff only intended to sell and convey and defendant to buy a contingent remainder in an undivided one-fourth of said lands.    The former did not suppose he was conveying or the latter that he was acquiring an undivided half.    They never agreed upon a contract for a sale of a contingent interest in an undivided half.    All concerned understood that only an undivided fourth would pass by the deed.    Mutual mistake of the contracting parties to a sale in regard to the subject-matter, the quantity or the interest involved, which is so material as to go to the essence of the contract, is a ground for relief and rescission in a court of equity.    Bingham v. Madison, 47 L. R. A. 267; Griffith v. Townley, 69 Mo. 13; Smith v. Patterson, 53 Mo. App. 72; Belknap v. Seeley, 14 N. Y. 143.    (4)   The rejection of the will by the widow did not of itself set aside or vacate the will as to the other devisees.    They would take the same estate given therein as far as this could be done without interfering with the widow's statutory rights.    Lilly v. Menke, 126 Mo. 210; In re Rawling's

Estate, 47 N. W. 993; Logan v. Logan, 17 Pac. 99.     (5)
The widow was only entitled to dower, and her interest
ceased at her death.   She never elected to take a child's
part as required by the statute.     Such election could
only be made by a declaration in writing acknowledged
before some officer authorized to take the acknowledg-
ment of deeds, and filed for record in the office of the
recorder of the county in which letters testamentary or
of administration were granted, within fifteen months
after the grant of the same.   Mrs. Harrison executed
and acknowledged such election.   It was not filed by her
and there is no evidence of any attempt on her part to
do so.   Signing and acknowledging it were insufficient
under the statute to constitute an election.   The election
is not complete until the paper is filed in the proper
office. As long as the widow retains the instrument in her
possession, notwithstanding it is signed and acknowl-
edged, it is of no effect.   Filing is as much a part of the
election as the signing and acknowledgment thereof.
Welch v. Anderson, 28 Mo. 293; Daudt v. Music, 9 Mo.
App. 169; Doherty v. Barnes, 64 Mo. 159; Allen v. Bar-
nett, 116 Mo. 278.   There is no authority in the statute
for filing an election after the death of the widow.   It
is her election and must be completed by her.   The right
to elect is personal and not transmissible by descent.
Bryant v. Christian, 58 Mo. 98; Welch v. Anderson, 28
Mo. 299; Crozier's Appeal, 35 Am. Rep. 666.

VALLIANT, J.—This is a suit in equity to set
aside two deeds, one by the plaintiff and wife to one
Rutherford, the other by Rutherford and wife to de-
fendant.

The suit was begun in the circuit court of Cooper
county, taken by change of venue, on motion of the de-
fendant, to Howard county, where it was tried and
final judgment was rendered for the plaintiff cancelling
the deeds, reinvesting the title in plaintiff, stating an
account between the parties, giving defendant credit for

the money paid for the cancelled deed, and decreeing partition of the land between plaintiff and defendant, from which judgment the defendant has prosecuted this appeal.

I.   At the threshold of the case is raised a question of jurisdiction.

Plaintiff resides in Cooper county, the land affected by the deeds in question is in that county, the suit was instituted there, the summons issued to the city of St. Louis, where defendant resides, and was served on him there.   Defendant moved the court to dismiss the suit on the ground that the circuit court of Cooper county had no jurisdiction.   The motion was overruled and exception taken.

The position of appellant on this point is that this is a personal suit and could be brought only in the county of his residence or "where the plaintiff resides and the defendant may be found."   Appellant is correct in his general proposition that a court of equity acts *in personam.*

And since the suit is personal in its character it must seek the person to be affected in the county of his residence regardless of where the thing in controversy may be.   [State ex rel. v. Zachritz, 166 Mo. 313.]   But our statute (sec. 564, R. S. 1899) has engrafted one exception to that rule.   It is said: "Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situate."

Title to real estate is directly affected in this suit. By the decree appealed from the appellant is divested of title and the plaintiff invested with the same. [Keyte v. Plemmons, 28 Mo. 104; Ensworth v. Holly, 33 Mo. 370; Railroad v. Mahoney, 42 Mo. 467.]

Since the law requires the suit to be brought in the county in which the land lies, it follows that the summons may be sent to any county in the State where the defendant resides or may be found.   It has been so held

in attachment suits, and the principle is the same in suits of this kind. [Magrew v. Foster, 54 Mo. 258, l. c. 261; Stone v. Trav. Ins. Co., 78 Mo. 655.]

We hold that this suit was properly brought in the circuit court of Cooper county.

II. In the original petition filed the plaintiff alleged that Rutherford, to whom he made the deed, was the undisclosed agent of defendant in the transaction, and that plaintiff's deed to Rutherford was induced by fraudulent representations of defendant to whom Rutherford shortly made his deed. The interest in the land which the plaintiff alleged in his first petition that he owned at the time he made his deed to Rutherford was an undivided one-fourth, while the defendant owned the rest. But on the first day of the term to which the original summons was returnable the plaintiff by leave of court filed an amended petition and in that he made the statement that at the time he made the deed to Rutherford, he and the defendant were both under the belief that he owned only an undivided one-fourth of the land and the defendant the rest, whereas by certain facts therein stated, of which, at the time, both he and the defendant were ignorant, but which he had since discovered, he, in fact, owned an undivided one-half of the land and that in addition to the fraudulent misrepresentations stated in the original and repeated in the amended petition, the deed to Rutherford was executed under a mistake of fact mutual to plaintiff and defendant.

The defendant filed a motion to strike this amended petition from the files on the grounds that it introduced a new cause of action, and blended two causes, inconsistant in their natures, in one petition, and that the new matter pleaded constituted no ground for relief. This motion was overruled and exception taken.

The motion was properly overruled. The amendment only introduced additional facts in support of the original object of the suit which was the cancellation of

the deeds mentioned. When the plaintiff filed his original petition, both he and defendant (so the amended petition says) were under the belief that their grandmother had elected to take a child's part of their grandfather's estate and had done so, and that, in consequence thereof, on the death of their grandmother the one-half the land she owned descended to her daughter the mother of these parties and had passed to the defendant under a deed from her. But after the filing of the original petition, plaintiff discovered that their grandmother had not elected to take a child's part of her husband's estate, and in consequence under their grandfather's will each was the owner of an undivided one-half of the land. So the amended petition sought to have the two deeds cancelled on two grounds, fraud on the part of the defendant in obtaining them, and a mutual mistake of a material fact, either one of which was sufficient if sustained by the evidence, and the proof of either fact would not be inconsistent with proof of the other. Besides, if there was any introduction of a new cause of action in the amended petition, the defendant did not stand on his objection, but answered to the merits and went to trial, which was a waiver of his objection. [Scovill v. Glasner, 79 Mo. 449; Holt County v. Cannon, 114 Mo. 514; Sauter v. Leveridge, 103 Mo. 615.]

III. The defendant filed what he now calls his answer and cross-bill, to which the plaintiff filed a reply, saying: "Now at this day comes the plaintiff, by his attorneys, and for reply to the new matter set up in defendants's answer, denies each and every allegation therein contained and having fully replied to the new matter pleaded in said answer, plaintiff asks judgment as in his petition."

Before the final hearing the defendant filed a motion for judgment on the pleadings, assigning many grounds, one of which was, "and the defendant moves the court for judgment *pro confesso* on the cross-bill

filed herein, because the matter and allegations therein
contained have not been answered, nor denied, but have
been confessed.''

The motion was overruled and exception taken.

The point is now presented that where there is an
answer containing new matter, and a cross-bill also,
there should be a reply to the answer, and an answer to
the cross-bill, treating each as a separate pleading.

If we should hold that the rules of code pleading
require a separate answer to a cross-bill besides a reply
to new matter in the answer, we could not find the plain-
tiff in fault in that respect, because, if the new matter
contained in the pleading filed by the defendant
amounts to a cross-bill, it is so blended with matter that
is pleaded as affirmative defense that the plaintiff is
excused if he could not distinguish the part that was de-
signed as plea in defense from the part that was de-
signed to be a cross-bill.    The motion was properly
overruled.

IV.   We come now to a consideration of the case
on its merits, and will first consider it in reference to
the alleged mutual mistake.

· The plaintiff and defendant are brothers. The land
in question comes to them through the will of their
grandfather.   By this will the testator gave his widow
an undivided one-half of the land for life, and at her
death that half was to go to trustees named, for the use
of testator's daughter for life, and at her death, to her
children then living, in fee.   The other half of the land
was devised to trustees for the use of testator's daugh-
ter for life and at her death to her children, then living,
in fee.   In other words the whole estate was given to
trustees for the use of the daughter for life and at her
death to her children then living in fee, subject only to
a life estate in the testator's widow in one undivided
half.   The testator's daughter was the mother of the
parties to this suit, and was his only child and heir, and

these parties were her only children living at the time of her death.

Within the period prescribed by statute, the widow in due form renounced the provision of the will in her behalf. Also, within the period prescribed by statute, she signed and acknowledged a paper purporting to be an election to take a child's part of the estate of her deceased husband in lieu of dower. This paper was signed and acknowledged May 27, 1868; she died on October 7th, that year; the paper was not filed in the recorder's office until March 30, 1869, when it was so filed by some one, the record does not show by whom.

In 1894, two years before the deeds now assailed were executed, the mother of these parties made a deed, her husband joining, conveying all her interest in the land to the defendant. The answer states that at that date it was the understanding of all the family that the mother owned an undivided one-half of the land in fee, and a life estate in the other half, with remainder in that half to her children who might be living at the time of her death. So that after the execution of that deed the defendant claims he was the owner of one undivided half in fee, an estate for the life of his mother, with right of immediate possession, in the whole, and a remainder in fee contingent on surviving his mother, in half of the other half, or, if he should be the sole surviving child of his mother, then the whole of the other half. In his brief the defendant still contends that that was the condition of the title when the plaintiff's deed to Rutherford was made.

There are 815 acres of the land in question, worth thirty-five to forty dollars an acre. The consideration paid by Rutherford to plaintiff for his interest was $800.

At the date of the transaction in question, the plaintiff lived in Cooper county, and the defendant lived in St. Louis. The business seems to have been conducted, partly at least, by letter correspondence. On October 9, 1896 (the deed from plaintiff to Rutherford was exe-

cuted October 31, 1896) the defendant wrote a letter to plaintiff which with other statements contained the following: "Now your interest is a contingent remainder, the enjoyment of which is kept from you through the lifetime of your mother, and should she outlive either you or I, we have no interest and our grantees would get nothing. It is, therefore, a bet on the length of life, based upon the mortality tables. I hold my mother's entire life estate, and your interest is a one-fourth remainder; the three-fourths remaining belong to me in fee, and those three-fourths include the mansion house and the improvements; therefore, your one-fourth would be practically unimproved."

Then follows an offer of $600 for the plaintiff's one-fourth interest and the letter concludes with this clause: "Not many understand the legal status of that estate, but if you should show my statement to a lawyer of any repute, he would assure you that my statement is correct. If you can use my offer to any advantage, let me hear from you."

At the time that letter was written the defendant was in correspondence with Mr. Rutherford, and had authorized him to buy the interest for $800, which was done, and the title so acquired was transferred to the defendant.

Thus according to the amended petition and the answer and the defendant's letter written to the plaintiff with a view to purchasing his interest, both parties were under the impression that the plaintiff owned only a contingent remainder in an undivided one-fourth; their minds never met on a sale of an undivided one-half; their minds never met on a sale of what really would have passed under the deed to Rutherford, if that were a valid deed.

Section 2944, Revised Statutes 1899, provides that a widow who has a child or children living by her deceased husband may, in lieu of dower, elect to take a child's part of the land in fee. Section 2945 prescribes

how that election shall be manifested. It must be by a declaration in writing acknowledged before an officer authorized to take the acknowledgment of deeds and filed for record in the office of the recorder of the county in which letters testamentary were granted within fifteen months after the grant of the same. The proof shows that the widow in this case made the declaration and acknowledged it, but she never filed it for record, and it was never filed in her lifetime. The filing for record of the declaration is an essential part of the election. It is not like a deed which takes effect upon its delivery and is good between the parties to it and their heirs, even though it was never filed for record. There is no one to whom a declaration of this kind is to be delivered as to a party to it. It is not an act to which there are two parties, there is but one party to it, there is no adversary party to whom it can be delivered, it is a declaration, not to one or to any particular persons, but to all whom it may concern. And to be effectual it must be filed for record by the widow herself or by some one as her agent. After she is dead she has no agent and no one can file it for record. [Welch v. Anderson, 28 Mo. 293; Bryant v. Christian, 58 Mo. 98; Dougherty v. Barnes, 64 Mo. 159; Allen v. Harnett, 116 Mo. 278.]

Defendant contends that even if the election to take a child's part was not complete according to law, still the mother of these parties was the owner in fee of the one-half of the estate devised to the widow for life, because when the widow renounced the will, her renunciation had the effect to take that one-half of the estate wholly out of the will and leave it to descend to the heirs.

That is not a correct view of the law. The widow had a right to renounce the provision made for her, but she had no dominion over the interest devised to others. Her renunciation only freed that half of the estate from the life estate therein given her by the will, leaving the daughter to take her life estate and her surviving child-

ren the fee in remainder. [Lilly v. Menke, 126 Mo. 190.]

Nor does the statute abolishing estates in tail affect the case; the estate was not given to the daughter for life with remainder to the heirs of her body or any other limitations to keep it in a line of descent beyond the testator's grandchildren.

Where a contract of sale is made under a mutual mistake of the parties as to the extent, to a material degree, of the interest to be conveyed, a court of equity will give the injured party relief. [Griffith v. Townley, 69 Mo. 13; Smith v. Patterson, 53 Mo. App. 66; Belknap v. Sealey, 14 N. Y. 143; Bigham v. Madison, 47 L. R. A. 267.]

The mutual mistake that a court of equity will relieve against is a mistake of fact, and that was the character of mistake made in this case. Both parties understood that their grandmother had made her election to take a child's part, whereas the fact that the declaration had never been filed by her in the recorder's office was not discovered by the plaintiff until after he had made his deed to Rutherford, until in fact after he had filed his original petition in this case. And if the defendant knew it and withheld the information, whilst it might possibly affect the plaintiff's suit on the ground of mutual mistake, it would add strength to it on the other branch of the case. But the chancellor was justified in finding as he did that the mistake was mutual.

This conclusion on this branch of the case is conclusive of the case and makes it unnecessary to go into other questions.

The judgment is affirmed.

All concur, except *Robinson, J.,* absent.