THE STATE ex rel. STEPHEN J. GAVIN v. HUGO MUENCH, Judge, and ROBERT R. HUTCHINSON and MARY H. ANDERSON.

**In Banc, February 2, 1910.**

1. **JURISDICTION: Title to Real Estate: Easement in Abandoned Street.** Where defendant had taken possession of certain strips of land in St. Louis county, which had once been platted as streets upon a recorded plat, and, being the owner of adjoining lots, claimed title to the centre of said streets, the basis of his claim being that the subdivision had not been properly platted by a plat filed with the clerk of the county court, that the court had never accepted said streets or done any work on them, that they had been abandoned as such by nonuser for ten years, and that the title to one-half of them had vested in him as the owner of the adjoining lots, the circuit court of the city of St. Louis has no jurisdiction of plaintiffs' injunction suit to restrain him from constructing an embankment and laying a railway switch therein. Such a suit clearly affects title to real estate, and though it be an equitable proceeding and ordinarily would act *in personam,* under the statute only the circuit court of St. Louis county has jurisdiction over the subject-matter.

2. ———: ———: ———: Prohibition: Merits of Action. And the circuit court of the city of St. Louis, having no jurisdiction over the subject-matter, this court will prohibit it from enforcing any judgment rendered therein, and in doing so will not consider questions affecting the merits of the case, nor undertake to say that its judgment was right upon the facts, but will simply rule that it had no authority to render any judgment in the case at all.

## Prohibition.

PEREMPTORY WRIT GRANTED.

*Fordyce, Holliday & White* for relator.

(1) The application for this writ was timely and the case should be considered on its merits. State ex rel. v. Rombauer, 105 Mo. 105; State ex rel. v. Elkin, 130 Mo. 90; Barnes v. Gottschalk, 3 Mo. App. 115; Olive v. Snider, 176 Mo. 63. (2) The rule should be made absolute, as the circuit court of the city of St. Louis was without jurisdiction to try the case: for (a) The case was one whereby the title to real estate, situated entirely without the city of St. Louis and in the county of St. Louis, may be affected. R. S. 1899, sec. 564; Castleman v. Castleman, 184 Mo. 432; State ex rel. v. Dearing, 180 Mo. 53; Baker v. Squire, 143 Mo. 92; Peters v. Worth, 164 Mo. 431. (b) The respondents, who were plaintiffs below, are seeking to charge relator's real estate with an easement. Baker v. Squire, 143 Mo. 92; Monroe v. Crawford, 163 Mo. 178; Peters v. Worth, 164 Mo. 431; Tarkio v. Clark, 186 Mo. 285. (c) The relator is without adequate remedy other than the writ of prohibition. State ex rel. v. Dillon, 96 Mo. 56.

*C. R. Skinker* for respondents.

(1) The preliminary rule should be discharged because: (a) Appeal furnishes an adequate remedy in this case, and where such is true the writ will not issue.

Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Scarritt, 128 Mo. 331; Railroad v. Wear, 135 Mo. 256; State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Zachritz, 166 Mo. 307; State ex rel. v. Stobie, 194 Mo. 48; State ex rel. v. Hirzel, 137 Mo. 435; Mining Co. v. Fremont, 7 Cal. 132; Hicks v. Michael, 15 Cal. 109; Bliss v. Superior Ct., 62 Cal. 544. Nor is inadequacy by appeal demonstrated by the case of State ex rel. v. Dillon, 96 Mo. 56. (b) If relator correctly construes that case to the effect that appeal on bond would not suspend the removal of the fence and tracks required to be done by the decrees in causes 51,038 and 51,039, then those decrees cannot be prohibited, because they are completed matters. (c) Since the jurisdiction of the trial court depended upon facts to be found and law applied thereto, it is for the trial to determine the jurisdiction, and error in so doing can be corrected on appeal or by writ of error. Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Moehlenkamp, 133 Mo. 134. (d) The writ should be denied because of relator's failure to make timely application for the writ, to the great expense and trouble of respondents, in the discretionary power of the court to issue such writ. State ex rel. v. Stobie, 194 Mo. 50. (2) On a proper construction of sec. 564, R. S. 1899, the trial court was not without jurisdiction in the original causes. R. S. 1899, sec. 564; Stats. 1835, p. 506, sec. 2; Stats. 1855, p. 1221, sec. 3, art. 4, chap. 128; Railroad v. Mahoney, 42 Mo. 467; Gregg v. Railroad, 48 Mo. App. 494; State ex rel. v. Dearing, 180 Mo. 56; Castleman v. Castleman, 184 Mo. 432; Nichols v. Voorhis, 74 N. Y. 29; Wheeler v. Schofield, 67 N. Y. 311; Norris v. Nesbit, 123 N. Y. 650; Klingelhoefer v. Smith, 171 Mo. 463. The decrees in causes 51,038 and 51,039 do not directly affect the title to the land in the roads. Such is necessary to bring the case within section 564. State ex rel. v. Dearing, 180 Mo. 63; Heman v. Wade, 141 Mo. 598; Price v.

Blankenship, 144 Mo. 209; Edwards v. Railroad, 148 Mo. 513.   The original causes were equitable suits *in personam* which should be brought in the county where the defendant resides, and, when jurisdiction of his person was acquired, jurisdiction of the subject-matter followed.   State ex rel. v. Dearing, 180 Mo. 63; State ex rel. v. Zachritz, 166 Mo. 313; Olney v. Eaton, 66 Mo. 363; Castleman v. Castleman, 184 Mo. 438.

WOODSON, J.—At the suggestion of relator, made in his petition filed herein, on July 23, 1909, one of the judges of this court issued a preliminary rule to respondents, requiring them to show cause why a writ of prohibition should not issue herein made returnable October 12, 1909.

The facts, as appear from the petition and the return made thereto, are substantially as follows:

Hugo Muench, one of the respondents, at all the times herein mentioned, was one of the judges of the circuit court of the city of St. Louis, and the other respondents, as well as the relator, were residents of said city.   On December 6, 1907, respondent Robert R. Hutchinson filed in the circuit court of said city his petition for an injunction against relator as defendant, claiming relief in the matters hereinafter stated; and on the same day said Hutchinson, as curator of respondent Mary H. Anderson, filed her petition also against relator as defendant in said court, praying for same relief.   The relator filed a demurrer in each of said causes, raising the question of the jurisdiction of said court over the subject-matter of each of said suits. On February 18, 1908, by agreement of parties, said causes were, by order of court, consolidated, Mary H. Anderson in the meantime having reached the age of majority.   The petitions in said causes were identical in substance and they will, for that reason, hereinafter be referred to as one case.

The petition of plaintiffs (respondents here) in said cause stated that Robert R. Hutchinson and Mary H. Anderson were the owners of lots numbered 8, 9, 10 and 11 in Hutchinson's subdivision, lying entirely within the county of St. Louis, in the State of Missouri; that on June 21, 1870, one E. C. Hutchinson, from whom respondents claim title to their property, had duly executed and acknowledged a plat of said Hutchinson's subdivision which said plat was recorded with the Recorder of Deeds of said county of St. Louis; that the relator, Stephen J. Gavin, was the owner by purchase, on June 19, 1905, of lots 5 and 6 of said Hutchinson's Subdivision, lying in the county of St. Louis; that upon said plat, as filed by said E. C. Hutchinson, a street sixty feet broad and designated as Barnes Avenue, lying between the property owned by the respondents and the property of the relator, was dedicated as a public road forever; and that a street fifty feet wide, running from said platted Barnes Avenue in a northerly direction to the northernmost limits of said subdivision, along the east line of relator's lot number 5, was dedicated as a public road forever. Respondents' petitions further state: "That said Barnes Avenue and said street fifty feet wide, extending north and south between said lots 4 and 5, have not heretofore been opened by any order of the county court of said St. Louis county, nor a plat made thereof and filed with the clerk of said county court, nor have said roads or either of them been used as public highways by the traveling public for a period of ten consecutive years next prior to the filing of this petition, nor has there been any public money or labor expended upon said roads or either of them for said period of ten consecutive years." And respondents' said petitions further state "that the said Gavin (meaning the relator herein) has denied that said Barnes Avenue has ever been accepted by the said county court as a public road, and that said Barnes Avenue has ever

been used by the public as a public road at any time since its dedication as aforesaid; and that said county court has declined to assume jurisdiction of said Barnes Avenue as a public road."

"Relator further states to the court that said petition of respondents thereupon proceeded to set up that the relator had erected upon that portion of Barnes Avenue, lying next to his lots Nos. 5 and 6 and within the middle line of said Barnes Avenue, a certain railroad embankment and switch track and a certain fence, and that said relator had suffered to remain upon the middle line of said street fifty feet wide a certain fence; that by reason of said fence and embankment respondents were deprived of their easement of ingress and egress upon and over said Barnes Avenue and said street fifty feet wide lying next to the lots of the relator within the middle line of said streets: Wherefore, the respondents asked for damages and that said embankment and fences shall be removed," and that he be permanently enjoined from replacing or maintaining them in said streets, etc.

"Relator states that under the Constitution and laws of the State of Missouri, and more particularly by section 564 of the Revised Statutes 1899, it is provided that suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought within the county within which such real estate, or some part thereof, is situated; that by the allegations of respondents' petitions filed herein, all of the real estate mentioned in said petitions as belonging to respondents and relator, was situated in the county of St. Louis, State of Missouri, and without the limits of the city of St. Louis, but that said suits, and both of them, were brought in the circuit court of the city of St. Louis as aforesaid and were then pending before Judge Hugo Muench, respondent herein, as aforesaid; that from the allegations of said petitions, and both of them, it appears that said streets had been

abandoned by reason of their non-user by the public for the period of ten consecutive years preceding the filing of said petitions, as will more particularly appear from sections 9472 and 9694 of the Revised Statutes 1899, and that, therefore, the title to said streets, and each of them, had vested up to the middle line of said streets in the owners of the abutting property; that your relator was, therefore, the owner in fee up to the middle line of said streets where the same adjoined his said lots 5 and 6, and that, therefore, the obstructions complained of in respondents' petitions were erected upon real estate the title of which was vested in the relator, and that the respondents, and each of them were seeking to charge said property with an easement in favor of said respondents and that, therefore, the title to said property was necessarily affected by said actions, and both of them.

"Your relator further states that by the laws of the State of Missouri, as aforesaid, the said circuit court of the city of St. Louis and Judge Muench, the respondent herein, as one of the judges of said court, was without jurisdiction of the subject-matter to try said causes; that your relator, as will appear from the files in said causes submitted herewith, filed in both actions demurrers to said petitions, and for grounds for said demurrers stated that said court was without jurisdiction of the subject-matter of said actions, in that the same was for the possession of and affected title to real estate situate in St. Louis county, but that respondent, Judge Muench, overruled said demurrers and thereafter overruled the general demurrers filed by relator; that thereafter relator filed answers in said causes, in which answers relator set up the plea to the jurisdiction of said circuit court of the city of St. Louis and claimed title in the half of said streets, lying next to his said lots 5 and 6, by reason of the abandonment of the said streets, and for these reasons, together with other defenses, stated that the respond-

ents, Robert R. Hutchinson and Mary H. Anderson, were not entitled to charge his said property with an easement of ingress and egress, and were not entitled to any rights over his said property.  Relator further shows that said respondent, Judge Muench, overruled said pleas to the jurisdiction and proceeded to try and determine said causes and thereafter, to-wit, on the 15th day of July, 1909, as will appear by the files in said causes herewith submitted, said respondent, Judge Muench, found in favor of said respondents, Robert R. Hutchinson and Mary H. Anderson and against said relator, and found that said streets were duly dedicated and existing streets and that said respondents had a right of ingress and egress over said streets and over that half lying next to the lots of the relator, and did order and decree that said relator remove said embankment and fences from said streets and be hereafter enjoined from obstructing said streets or either of them.

"Relator further states that by said decree his title to real estate in the half of said streets adjoining said lots 5 and 6 is directly affected.

"And relator further states that, under the Constitution and laws of the State of Missouri, it is made the duty of the Supreme Court to see that the circuit court of the city of St. Louis and all divisions thereof and the judges thereof, as well as other inferior courts, keep within the bounds and limits of their respective jurisdictions prescribed for them by the statutes and Constitution of the State of Missouri:

"Relator states that said proceedings in the circuit court of the city of St. Louis, before Hugo Muench as Judge of Division Number One thereof, are in violation of the Constitution and laws of the State of Missouri and to the manifest damage, prejudice and grievance of the relator and of the public, and are wholly illegal and void; that said circuit court of the city of St. Louis, and said Hugo Muench, as judge there-

of, has no jurisdiction, power or authority to try said causes or to compel the relator to submit to the decree of said court therein. And relator further states that said proceedings filed as aforesaid are direct encroachments upon the authority and jurisdiction of the circuit court of St. Louis county. And your relator herewith exhibits to this court the records and proceedings had in the said court in said cause in establishment of the matter stated in his petition.

"Wherefore, your relator, imploring the aid of this Honorable Court, prays to be relieved and that he may have the State's writ of prohibition directed to the said Hugo Muench, judge of the said court, and to the said Robert R. Hutchinson and Mary H. Anderson, respondents herein, to prohibit them and him from pursuing and holding the pleas aforesaid, and from taking any further cognizance or making any further order in the said causes before him, touching or concerning the premises."

The return is quite lengthy. It set out in full the petition, demurrer filed thereto, the answer, the findings of facts made by the court, and the decree of court entered in said cause. Much of this, however, is foreign to the legal proposition involved in this case, and may for that reason be omitted from this statement. The principal facts of that case are sufficiently indicated by the finding of facts made and filed by the court therein, which is as follows:

"These two cases having been, by consent, tried together, upon the same evidence, and the defendant (who is the same in each case) having requested that a finding of facts might be made therein, the following are therefore by the court found to be the facts, applicable alike to each case:

"It is found that the common source of title to all the property or real estate involved in these causes, was one E. C. Hutchinson, who acquired the same from John Lay and wife by deed dated December 20, 1854,

and recorded in the county of St. Louis, Missouri, on January 2, 1855 in book 159, page 510 thereof; that on June 25, 1870, said E. C. Hutchinson regularly filed in the office of the Recorder of Deeds of said county an acknowledged plat of a subdivision of the property so acquired from Lay and wife, dividing the same into certain number of lots, of different dimensions and area, and thereby dedicating to public use forever Barnes Avenue, running through said subdivision from east to west, sixty feet wide, from 'Fruit Hill Subdivision' on the east, to lot No. 12 of said subdivision, and thirty feet wide, adjoining said lot No. 12, and also another street, fifty feet wide between said Barnes Avenue and St. Charles Rock Road, running north and south, between lots 5 and 4 of said subdivision.

"That defendant Gavin now owns, and at the several times complained of did own lots 5 and 6 of said Hutchinson's subdivision, having acquired the same by mesne conveyances from the common source of title; that the first of said conveyances of lots 5 and 6 was executed by said E. C. Hutchinson to one John Q. Burd, which deed is on its face dated June 18, 1870, but in fact was not acknowledged or delivered until the 6th day of July, 1870, to wit, after the acknowledgment and recording of the plat of Hutchinson's subdivision, and the dedication of the streets aforesaid, and that both in and by said deed of Hutchinson to Burd, as also in and by the deed from Henrietta Robeling et al. to defendant Gavin (dated June 21, 1905, and recorded in book 167, at page 75, records of the county of St. Louis), said lots 5 and 6 are described as being bounded on the south by Barnes Avenue, and on the east by a street fifty feet wide.

"That on March 27, 1905, defendant Gavin filed with the county court of the county of St. Louis, a written application or petition, in and by which, as owner of said lots 5 and 6, he asked for an order of said county court permitting him to build and operate

a switch along, over and upon said Barnes Avenue, which in said petition the defendant described as a street sixty feet wide, forming the southern boundary line of his said property; and which petition was accompanied by a plat of the premises in question, showing said Barnes Avenue as a street sixty feet wide, south and in front of said lots 5 and 6. That said petition was by said county court on April 3, 1905, dismissed for alleged want of jurisdiction.

"And the court further finds that said Barnes Avenue, from about the time of said dedication and the filing of the plat of Hutchinson's subdivision, was used as a road or passageway by the persons immediately adjoining the same, and a few other persons in that neighborhood, both for vehicles and foot passage; but that the same was never opened towards the west, or beyond the property in Hutchinson's subdivision, and was therefore not in general use as a public thoroughfare; and that for much of the time since said dedication, and up to this time, there was a gate, or a set of railings at a point east of Hutchinson's subdivision, across said Barnes avenue, projected eastwardly, which gate was designed to, and did, keep cattle from the fields and premises of tenants in said Hutchinson's subdivision, but which gate could readily be opened, and was opened by all persons intending to use Barnes Avenue west of said gate, for purposes of driving or walking.

"That heretofore, and for more than ten years prior to the institution of this action, there was a substantial fence in front of lots 5 and 6, and practically upon and along the northern line of Barnes Avenue according to said dedication; and there was also a fence, during the same time, running along the center line of said 50-foot street to the east of lot 5 of said subdivision, and that said 50-foot street has never at any time been used as a public or traveled street; but said western half thereof has for about fifteen

years been used and occupied in conjunction with said lot 5, by the owners or temporary occupants of said lot.

"And I do further find from the evidence that the defendant, Stephen J. Gavin, after the purchase by him of said lots 5 and 6, and after the dismissal of his said petition by the county court of St. Louis county, did proceed to erect a fence along the center line of said Barnes avenue in front of said lots Nos. 5 and 6, extending east to the point where the same struck the projected center line of said 50-foot, street, and did further build a fence from that point northwardly along said projected center line until the same struck and connected with said old fence along the center line of said 50-foot street; and that, at or about the same time, said defendant caused to be erected upon and along the northern half of said Barnes Avenue, from a point about midway the southern boundary of said lot 6, thence west, in front of lots 10 and 11 of said subdivision, and along said Barnes Avenue, to a point at or near the main line of a railroad, a high embankment varying between 2 and 7 feet in height, which embankment is used and occupied by said defendant to carry switch tracks for his private use, and which obstructions in Barnes Avenue were so erected and imposed without the consent of plaintiff Hutchinson, who is the owner of lot 11, and plaintiff Mary H. Anderson, who is the owner of lots 8, 9 and 10 of said subdivision; and that the property of said plaintiffs is damaged to some extent not sufficiently established as to amount by the evidence, and is seriously inconvenienced in use and accessibility by reason of the fences, embankments and other obstructions placed in said Barnes Avenue by the defendant, and the attempted abolition of said street by defendant."

The court then gave certain declarations of law, and found for the plaintiffs, the respondents here, and against the defendant, the relator here, and perpet-

ually enjoined him from maintaining in said streets the railroad embankment and fence mentioned in the pleadings, and from otherwise obstructing the same.

The return also shows that the demurrer filed by relator in that case, questioning the jurisdiction of the circuit court of the city of St. Louis to try the cause, was, by that court, overruled; also that relator raised the same question by his answer filed therein, which was by the court ignored and not passed upon.

I. The question here presented is not, did the circuit court of the city of St. Louis correctly decide the case of Robert R. Hutchinson et al. v. Stephen J. Gavin; but the question here is, did that court have jurisdiction over the subject-matter of that suit, and did it have the authority to try and adjudicate the matters and things therein involved?

Counsel for relator deny it had such jurisdiction and authority, while counsel for respondents maintain the affirmative of that proposition. This briefly and sharply presents the legal proposition involved in this proceeding.

Relator was the owner of lots 5 and 6 of Hutchinson's subdivision, mentioned in the pleadings, and they fronted on the streets therein named.

The petition in said cause alleged, among other things, that said streets had not theretofore been opened by any order of the county court of said St. Louis county, nor a plat made thereof and filed with the clerk of said court, nor had said roads, or either of them, been used as public highways by the traveling public for a period of ten consecutive years next prior to the filing of said petition, nor had there been any public money or labor expended upon said streets or either of them for said period of ten years. The petition also stated that said Gavin (meaning the relator herein) denied that said streets had ever been accepted by the said county court as a public road, and that

they had ever been used by the public as such at any time since their dedication, and that said county court had declined to assume jurisdiction over the same.

The answer of relator filed therein pleaded substantially the same facts respecting said streets that are charged in the petition in that regard. The answer also contained a plea challenging the jurisdiction of the circuit court of the city of St. Louis over the subject-matter of that suit, for the reason that it involved or affected title to real estate located in a different county from that in which said court was situated.

There is no question but what the relator, the defendant in that case, claimed title to the land mentioned to the center of said streets. The basis of his claim was that the subdivision mentioned had not been properly platted and filed with the clerk of the county court; that said court had never accepted said streets or done any work upon them; and that they had been abandoned as such by the public by non-user for a period of ten years. In fact, the petition in that case not only conceded relator claimed title to said land to the center of said streets, but it, in express terms, charged that to be the fact; but respondents now try to escape the effects of that concession by insisting that said suit was an equitable proceeding which acts *in personam,* and for that reason could be brought and maintained in the county wherein relator resided.

Ordinarily that is true, which is shown by the following well-considered cases: State ex rel. v. Dearing, 180 Mo. 63; State ex rel. v. Zachritz, 166 Mo. 313; Olney v. Eaton, 66 Mo. 563; Castleman v. Castleman, 184 Mo. 438; Hewitt v. Price, 204 Mo. 31.

But an exception is made to that rule by statute. Section 564, Revised Statutes 1899, provides that "suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situate."

As before stated, both the petition and the answer filed in said cause show that the relator, defendant there, set up and claimed title to the land to the center line of said streets, lying adjacent to his said lots. The issues thus joined clearly put in issue the title to said real estate; and said suit necessarily involved or affected the title thereto, within the meaning of said section of the statute.

In discussing this same question, this court in the case of Castleman v. Castleman, 184 Mo. 1. c. 438, said: "At the threshold of the case is raised a question of jurisdiction. Plaintiff resides in Cooper county, the land affected by the deeds in question is in that county, the suit was instituted there, the summons issued to the city of St. Louis, where defendant resides, and was served on him there. Defendant moved the court to dismiss the suit on the ground that the circuit court of Cooper county had no jurisdiction. The motion was overruled and exceptions taken. The position of appellant on this point is that this is a personal suit and could be brought only in the county of his residence or 'where the plaintiff resides and the defendant may be found.' Appellant is correct in his general proposition that a court of equity acts *in personam*. And since the suit is personal in its character it must seek the person to be affected in the county of his residence regardless of where the thing in controversy may be. [State ex rel. v. Zachritz, 166 Mo. 313.] But our statute (Sec. 564, R. S. 1899) has engrafted one exception to that rule. It is said: 'Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situate.' Title to real estate is directly affected in this suit. By the decree appealed from the appellant is divested of title and the plaintiff invested with the same. [Keyte v. Plemmons, 28 Mo. 104; Ensworth v. Holly, 33 Mo. 370; Railroad v. Mahoney, 42 Mo. 467.]"

And in the case of State ex rel. v. Dearing, this court said: "As to respondent's first contention, it is only necessary to say that while the subject-matter of the controversy in that suit grew out of the alleged transactions between the parties in the sale and transfer of the lands in Carter, Wayne and Butler counties, the title to these lands was in no way involved in the controversy. It was purely and simply a suit in equity operating *in personam* upon the defendants. That the court had jurisdiction of the persons of the defendants and of the subject-matter of the controversy between them is manifest upon the face of the statement. The only thing that is urged, giving any countenance to the contention that title to real estate is involved in that controversy, is the prayer for relief in which the cancellation of the notes given for part of the purchase money for those lands, and an injunction restraining the foreclosure of the deed of trust given to secure them is asked. But such prayer could not have the effect of converting plaintiff's equitable action *in personam* into an action 'affecting title to real estate' within the meaning of the section relied upon. 'In granting injunctions the court operates *in personam* and may exercise its jurisdiction quite independently of the locality of the act to be done; being an order directed to a person, it does not run with the land.' [Kerr on Injunctions (3 Ed.), pp. 6 and 7.] This section of the statute, like the constitutional provision vesting appellate jurisdiction in this court in cases involving title to real estate, applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally. [Ulrici v. Papin, 11 Mo. 43; Railroad v. Mahoney, 42 Mo. 467; State ex rel. v. Court of Appeals, 67 Mo. 199; Bailey v. Winn,

225 Sup—15

101 Mo. 649; McGregor v. Pollard, 130 Mo. 332; May v. Mortgage Trust Co., 138 Mo. 447; Heman v. Wade, 141 Mo. 598; Price v. Blankenship, 144 Mo. 203; Gay v. Savings & Bldg. Assn., 149 Mo. 606; Bonner v. Lisenby, 157 Mo. 165; Ozark Land & Lumber Co. v. Robertson, 158 Mo. 322; Vandergrif v. Brock, 158 Mo. 681; Davis v. Watson, 158 Mo. 192; Bruner Granitoid Co. v. Klein, 170 Mo. 225; Klingelhoefer v. Smith, 171 Mo. 455; Balz v. Nelson, 171 Mo. 682; Porter v. Railroad, 175 Mo. 96.] Moreover the jurisdiction of the court is not determined by the prayer for relief, but by the facts stated, which constitute the cause of action, and should those facts not warrant the relief asked and it should nevertheless be granted, this would be error, which could be corrected on appeal, but the jurisdiction of the court would not be affected thereby. The subject of respondents' first contention has been so thoroughly considered and threshed over in the cases cited and in others therein referred to, that further comment thereon is unnecessary. Not so with the second."

To the same effect are Baker v. Squire, 143 Mo. 92, and Peters v. Worth, 164 Mo. 431.

It is also disclosed by this record that the streets mentioned in the petition filed in said suit had been abandoned for a period of more than ten years next before its finding, and that the county court had expended no money or labor upon them during said period.

Under that state of facts it might well be argued that sections 9472 and 9694, Revised Statutes 1899, vested the title to one-half of said streets adjoining said lots in relator. [Sikes v. Railroad, 127 Mo. App. 325; l. c. 335-6; State v. Macy, 72 Mo. App. 427.]

If it is true, as contended for by relator, that he owns the land to the center of said streets, by virtue of the fact, if it be a fact, that the streets were never properly dedicated, or because it reverted to him, by virtue of abandonment and non-user, then, clearly, the decree rendered by the circuit court of the city of St.

Louis would directly affect and charge his said real estate with an easement, and thereby establish a public highway over his land in favor of the county of St. Louis. [Baker v. Squire, 143 Mo. 92, l. c. 99, 100; Monroe v. Crawford, 163 Mo. 178.] And to that extent said decree would divest that much of the title and interest in and to said land out of relator, and invest the same in said St. Louis county. [Castleman v. Castleman, supra; Keyte v. Plemmons, supra; Ensworth v. Holly, supra; Railroad v. Mahoney, supra.]

We are, therefore, clearly of the opinion that the circuit court of the city of St. Louis had no jurisdiction over the subject-matter of said suit filed therein by respondents against relator, nor had it any authority to try and adjudicate the matters and things involved therein.

II.   There are several other questions presented and argued by counsel for respondents, but as they go to the merits of the case, they cannot now be considered, for the reason that the circuit court of the city of St. Louis had no jurisdiction to try the cause.

For the reasons before stated, the preliminary rule heretofore issued is made permanent, and a writ of prohibition is ordered to be issued, as prayed.

All concur, *Graves, J.,* in result.