### GAINES v. SUPREME COUNCIL OF ROYAL ARCANUM.

(Circuit Court, M. D. Tennessee. November 2, 1905.)

INSURANCE—FRATERNAL BENEFIT ASSOCIATION—RIGHT TO CHANGE RATE OF ASSESSMENT—INJUNCTION.

  The action of the Supreme Council of the Royal Arcanum, which is a fraternal beneficiary association organized under the laws of Massachusetts, where it has its domicile and chief office, in so amending its by-laws and regulations as to change its system of assessments, by which the rate of assessment on its older members is increased, is not so clearly in violation of the contract rights of such members under the laws of Massachusetts as to authorize a court in another state to interfere by injunction.

In Equity. On motion for preliminary injunction.

John Ruhm and Baxter Smith, for plaintiff.
John J. Vertrees and Frederick H. Bacon, for defendant.

CLARK, District Judge. This case is now before the court on application for a preliminary injunction, based upon the restraining order heretofore allowed. The case is heard on the bill and on such evidence as has been offered in support of the bill and in opposition to the injunction. The defendant is a fraternal beneficiary organization, its membership in all parts of the country aggregating 300,000 members, and about 3,500 of these probably reside in the state of Tennessee. In May, 1905, cer-

tain modifications were made in the by-laws and regulations of the corporation by which, speaking broadly, its system of assessment was changed from a system based upon the age of admission of its members to a system based upon the actual attained age of its members, on the 1st day of October, 1905. The main object of this change in the laws of the association was to equalize and render more equitable, in accordance with the general laws of insurance, the premium paid for insurance at different ages by different classes of the members of the association.

It is an established fact, and is in accordance with the very nature of the subject, that the rate of mortality is greater, and the demand on the benefit fund greater as the classes of members in the association grow older, in accordance with the principles of ordinary life insurance. It costs decidedly more to carry the class of members who have attained the age of 60 or 65 than it does to insure those who are 30 to 40 years of age; and hence the system operates inequitably and heavily upon the comparatively young members of the association, and operates lightly and very favorably as to the rates of assessment on the older members of the association, among whom the mortality is greater and the demands on the benefit fund to be made by assessment greater accordingly. The assessment, however, under the old system, when made, was equal upon all members, and it would necessarily result from this that comparatively younger members of the association were paying too much for life insurance, having regard to the doctrines of ordinary insurance, and the older members of the association were paying correspondingly too little for the risk of being carried or insured as members. It was to meet this situation that changes here complained of were made from the age of admission to the attained age of the members, and as this change increases decidedly the annual premium charged against older members, especially those passing the age limit of 65 years on October 1, 1905, the complaint is coming chiefly, if not exclusively, from that class of members.

The defendant is an association organized under the laws of the state of Massachusetts, and that is the state of the defendant's domicile and chief office. No fraud or bad faith is charged in the bill, nor insisted upon, and the case, upon close study, reduces itself to the single question, whether the modification of the new regulations, or the new system, as it may be called, impairs the obligation of the original contract with the members who become such on the basis of the old system of assessment, based on the age of admission, and whether the certificate of membership completed a contract for assessments on that basis during life.

It must be apparent that it is an extremely delicate question for the courts of any jurisdiction other than Massachusetts, the state of defendant's creation and the state of its domicile, to interfere by injunction with the internal regulation and management of the affairs of this benevolent association. The contract is, of course, found not only in the certificate of membership, but in the properly adopted by-laws and regulations or the laws of Massachusetts, under which the association is incorporated, and it is obvious enough that the law of Massachusetts furnishes the rule for the decision of the question now up for disposition, and all similar questions relating to this association and its powers and

authority. If the court may interfere by injunction in a case like this, it must be distinctly upon the closely drawn issue whether vested and constitutionally protected rights are being interfered with or impaired. If the courts of any state may exercise jurisdiction for such purposes outside of the state in which the defendant association was created and has its principal office and domicile, it is equally true that the courts of the 43 or 44 different states where members may be can exercise similar power and authority. If this were done, it would speedily bring about such a situation as would make emphatic the proposition that the courts of any state other than Massachusetts should only exercise authority to interfere by injunction with the internal management and operation of the association upon the clearest and most cogent grounds.

For these reasons, and because in its last analysis, as I have said, the single practically determinative question is one of contract impairment, in violation of the Constitution, and notwithstanding the magnitude of the case, its disposition on the present occasion and for the purpose of the issue now presented does not seem to require any elaborate opinion, although it has received careful and extended study. I conclude, as already plainly intimated, that the law of Massachusetts furnishes the rule for the decision of this question, and I further conclude that under the law of Massachusetts, in accordance with the exposition of its court of highest authority, the defendant might, in view of its contract, make the change which it has made, notwithstanding the question is close and that the change is quite fundamental, and has resulted to a large extent, not merely in amendment or modification, but in reconstruction, by which a practically new system is brought about. It seems that such reconstruction as this was actually necessary to continue the existence of this association, and to prevent a necessary windup in the court or otherwise. At all events, it is not sufficiently clear, under the law of Massachusetts, that this plan of assessment, and the effect on members, impairs the obligation of the contract, and unless it did so appear obviously this court should not interfere.

Now, the case stands, of course, on the bill and application for injunction; but counsel have very properly, I think, agreed that for the purpose of any disposition which the court may make of the case, the evidence put in the record to support the application for a preliminary injunction by the plaintiffs, as well as the evidence presented to resist that application by the defendant, may be treated as part of the record. If preliminary injunction were allowed, the case would then be in position for immediate review by appeal. I am anxious to put the case in position for a reviewing court, as it is one of great magnitude, and the rulings are to affect interests of much public concern. Upon the record as now made up, I conclude that the complainants are without right to the injunction, and for exactly the same reason that they are without right to relief, and, indeed, injunctive relief is practically the only form of relief which will finally be of any avail.

For the reasons thus very briefly, but sufficiently, indicated, the injunction is denied, and the court on its own motion, as it may do on this interlocutory application, dismisses the bill, upon the ground that the complainants are not entitled to relief in equity; but this dismissal will

be without prejudice, so that it may not be suggested as in the way of filing a similar bill in the courts of Massachusetts, in the event the complainants or others in like situation should determine to do so.

The injunction is then denied, and the bill dismissed, at the costs of the complainants. It is accordingly so ordered.