# THE STATE ex rel. DANIEL D. HUNT and MABEL HUNT v. J. HUGO GRIMM et al.

## In Banc, June 10, 1912.

1. **FRAUDULENT DEED: Cloud: Removal: Virginia Lands: Impounding Deed: Jurisdiction.** The petition alleged that plaintiff had signed, acknowledged and delivered a deed conveying, for a recited consideration of $16,000, to Mabel A. Hurt certain lands in Virginia, and that after the delivery of the deed the defendants (Daniel D. Hunt and Mabel R. Hunt) fraudulently changed the name of the grantee Mabel A. Hurt (a fictitious person) to Mabel R. Hunt and then recorded the deed; that the consideration of $16,000 had not been paid; that the deed was obtained by an abuse of the confidence the plaintiff had reposed in said Daniel D. Hunt; that the deed constituted a cloud upon plaintiff's title; and prayed that it be cancelled, ordered to be surrendered and by the court impounded. *Held,* that the action is one to annul and cancel a deed and thereby to remove a cloud upon plaintiff's title, and that since the deed is recorded an order impounding it would avail nothing; and since the land is in Virginia, though both plaintiffs and defendants are residents of the same county in Missouri, the circuit court has no jurisdiction over the subject-matter of the suit.
   *Held,* by LAMM, J., with whom KENNISH, J., concurs, that, giving the petition a liberal construction, it states a cause of action in equity to avoid a real estate transaction for fraud and to have a certain deed declared void as a conveyance; and of that the Missouri court has jurisdiction.

2. ————: **Cancellation: Lands in Another State: Jurisdiction.** A Missouri court of equity has no jurisdiction to cancel for fraud a deed to lands situate in another State, though all the parties may reside here. A decree annulling the deed acts directly upon the title of the land. And though there be an allegation of a fraudulent change in the name of the grantee, after delivery and before record, and that change is in law a forgery, yet the petition showing on its face that the land is situated in another State and the deed recorded only there, the circuit court will be restrained by prohibition from assuming to exercise jurisdiction over the subject-matter.

## Prohibition.

WRIT ALLOWED.

*Seddon & Holland* for relators.

(1)   Action affecting the title to real estate must be brought in the State in which the lands are located. Brown on Jurisdiction, p. 131; Story on Conflict of Laws, p. 545.   (2)   Under the statute of Missouri and the decisions of this court, suits affecting the title to real estate must be brought not only in the State in which the lands are located, but in the county in which they are located. Sec. 1753, R. S. 1909; Castleman v. Castleman, 184 Mo. 432; Ensworth v. Holly, 33 Mo. 370; Keyte v. Plemmons, 28 Mo. 104; State ex rel. v. Muench, 225 Mo. 219.   (3)   If the circuit court of the city of St. Louis has no jurisdiction to try this suit involving the title to real estate located in Virginia, prohibition is the proper relief. State ex rel. v. Muench, 225 Mo. 219.

*R. M. Nichols* for respondent.

(1)   The circuit court had jurisdiction of the parties—they both resided in Missouri—and of the *res*, the purported deed being in the State. It can order the purported deed canceled and impounded. The title is not involved. The deed conveyed to defendants no title. McCune v. Goodwillie, 204 Mo. 306; Noble v. Grandin, 125 Mich. 388; McGee v. Sweeney, 84 Cal. 100; King v. Pilliow, 90 Tenn. 287; Ivernis v. Leavitt, 23 Barb. 63; Jacobs v. Ref. Co., 93 N. Y. Supp. 776; Grant v. Copper Co., 193 N. Y. 306; De Klyn v. Watkins, 3 Sandf. Ch. 185; Barker v. Rockabrand, 118 Ill. 365; Cloud v. Greasley, 125 Ill. 313; Hays v. O'Brien, 149 Ill. 403; MacDonald v. Dexler, 234 Ill. 517; Fall v. Fall, 95 Mich. 104; Salton Sea Case, 172 Fed. 792; Wilhite v. Skelton, 149 Fed. 67; Carpenter v. Strange, 141 U. S. 105; Falls v. Eastin, 215 U. S. 1; Proctor v. Proctor, 69 L. R. A. 673; Falls v. Eastin, 23 L. R. A. (N. S.) 925; Burton Co. v. Patton, 27 L. R. A. (N. S.) 420; Hodges v. Hunter Co., 34 L. R. A. (N. S.)

994; Burnley v. Stevenson, 24 Oh. St. 474; Dunlap v.
Byers, 110 Mich. 109; Pillow v. King, 55 Ark. 633;
Ewing v. Lamphere, 147 Mich. 659; Campbell v. Lum-
ber Co., 140 Ky. 312; Joy v. Bank, 128 N. W. (S. D.)
147; Clark v. Fruit Co., 185 Fed. 604; Manley v. Car-
ter, 7 Kan. App. 86. (2) The purported deed con-
veyed no title. It was not delivered. The spoliation
rendered the purported deed void. It did not divest
the title out of the plaintiff. Hord v. Taubman, 79
Mo. 1; Koons v. Car Co., 203 Mo. 259; Medlin v. Platt
Co., 8 Mo. 232; Paul v. Leeper, 98 Mo. App. 515. (3)
If the forged or altered deed could be held to be merely
a voidable instrument, and the possession obtained,
as shown by the allegations, a sufficient delivery, it
would be a mere cloud upon the title, and under such
circumstances a court of equity has jurisdiction to re-
move a cloud upon the title of a piece of property
situated without its jurisdiction where it has jurisdic-
tion of the parties. Payne v. Sav. Assn., 198 Mo. 617;
State ex rel. v. Elliott, 80 Mo. 658; Christopher v.
Sav. Assn., 180 Mo. 572; Remer v. Mackay, 35 Fed.
86; Kirklin v. Loan Assn., 60 S. W. 149; Trust Co. v.
Sihler, 34 Ind. App. 140; Williams v. Fitzhugh, 37
N. Y. 444; Williams v. Ayrult, 31 Barb. 368; Hart v.
Sanson, 110 U. S. 151.

GRAVES, J.—Action in prohibition, the purpose
of which is to determine the right of Hon. Hugo
Grimm, one of the judges of the circuit court of the
city of St. Louis, to proceed further with a case pend-
ing in his court, entitled, Greer Real Estate & Invest-
ment Company, plaintiff, v. Daniel D. Hunt and Mabel
R. Hunt, defendants.

In the case pending in the circuit court the plain-
tiff therein filed its amended petition. To this peti-
tion the defendants in that cause, relators here, filed
a demurrer challenging the jurisdiction of that court,
and said demurrer being overruled by the respondent

in this cause, an application for a writ of prohibition was made to this court and an order to show cause was made. Respondent filed his return to our preliminary rule, and relators thereupon moved for judgment upon the pleadings, and the questions of law thus raised have been argued and submitted for our decision.

The facts charged and pleaded in the petition in the circuit court case become of essence here. The petition is long, but the facts pleaded are few. These facts are: that the Greer Real Estate & Investment Company was the owner of certain lands in Albermarle county in the State of Virginia; that by certain named fraudulent acts the defendants in that case, relators here, induced the said company to make a deed for said lands to Mabel A. Hurt, for the agreed consideration of $16,000; that defendants, in that case, relators here, after the delivery of that deed, and before its record, fraudulently changed the name of the grantee from Mabel A. Hurt to Mabel A. Hunt; that thereafter such fraudulent deed was placed of record in Albermarle county, in the State of Virginia, by the relators in this cause; that the name Mabel A. Hurt, grantee in the deed by the corporation, was fictitious and known to be so by the relators in this cause, but not known by the corporation at the execution of the deed; that the relators here fraudulently devised this scheme to get the title of the land in question in the name of the relator Mabel R. Hunt; that the corporation has never received the consideration of $16,000; that the relator Daniel D. Hunt was a stockholder in the corporation, and having its confidence was enabled to perpetrate the alleged fraud upon the corporation. After charging these facts the petition in the circuit court thus concludes:

"And that the said conveyance as placed upon the records of conveyances of Albermarle county, Virginia, constitutes and is a cloud upon the title to plaintiff's said property; that the plaintiff has the posses-

sion of said property and has no adequate remedy at law to redress the wrongs and grievances complained of:

"Wherefore and by reason of the premises plaintiff prays for an order cancelling the said deed aforesaid; that the said deed made by the plaintiff to said property be ordered surrendered up and impounded in the records of this court in this case; and the plaintiff prays for such further and other orders, judgments and decrees in the premises as may be just and proper, together with its costs in this behalf expended; and for this it will ever pray."

In the application for the writ of prohibition it is charged that the said plaintiff in the action pending in the circuit court had since the filing of the petition in this State as aforesaid, had filed a similar petition in the proper court of Albermarle county, State of Virginia, and had procured service upon these relators, as defendants in that action, and that thereby these relators were called upon to defend two actions covering the same subject-matter and seeking the same relief. This allegation stands, in effect, admitted by the return of respondent, and was admitted in oral argument.

This sufficiently outlines the facts.

I. A reading of the petition on file in the court over which respondent presides shows beyond doubt that the action is one to annul and cancel a deed and thereby remove the apparent cloud upon the plaintiff's alleged title to the real estate described in the petition. It is true the prayer of the petition asks for the impounding of the alleged forged deed, but this does not change the legal effect of the petition. Impounding a deed already of record would avail plaintiff nothing. But we need not pursue this further at this point. The only fair interpretation of the petition and its purpose is as above indicated. The question

then is, has the circuit court of the city of St. Louis jurisdiction to hear and determine a case, the purpose of which is the cancellation, for alleged fraud, of a deed to lands in the State of Virginia. This question we discuss next.

II. The petition in respondent's court states a cause of action, but it goes further and states facts which show that such cause of action is not cognizable by the courts of this State. A court of equity in Missouri has no jurisdiction to cancel for fraud a deed to lands in the State of Virginia. Nor has such court any greater right to cancel such deed because there is an allegation of a fraudulent change in the name of the grantee. Fraud of any kind, if proven, would obviate and vitiate the deed, but the hearing of the question of fraud or no fraud, forgery or no forgery, must be in a court having jurisdiction of the particular case. We say "forgery or no forgery," because the changing of the name of a grantee in a deed is not only a fraud, but by law is forgery. The cancellation of a recorded deed is an act which affects the title to real-estate. Such cancellation is the destruction of a muniment of title. It involves directly the title to real-estate. The decree annulling the deed acts directly upon the land and the title thereto. A cloud upon the title as alleged in this petition is "a title or encumbrance apparently valid, but in fact invalid." [7 Cyc. 255.]

In such case the courts of one State have no jurisdiction over the subject-matter of the suit, where it is alleged in the petition that the land to be affected lies within the jurisdiction of another State. The jurisdiction of the subject-matter of such action is in the proper court of the State wherein the land is situated.

And this is true notwithstanding the general rule that courts of equity act *in personam*. This exception

to the general rule is recognized by statutes in many states, as well as by the common law.

In this State the case of Castleman v. Castleman, 184 Mo. l. c. 438, is in point. That was an action to cancel two deeds to land lying in Cooper county. The suit was brought in Cooper county where the land was, but where defendants did not reside. Defendants challenged the jurisdiction of the court in this equitable action. Through VALLIANT, J., we then said:

"The position of appellant on this point is that this is a personal suit and could be brought only in the county of his residence or 'where the plaintiff resides and the defendant may be found.' Appellant is correct in his general proposition that a court of equity acts *in personam*.

"And since the suit is personal in its character it must seek the person to be affected in the county of his residence regardless of where the thing in controversy may be. [State ex rel. v. Zachritz, 166 Mo. 313.] But our statute (Sec. 564, R. S. 1899) has engrafted one exception to that rule. It is said: 'Suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situated.'

"Title to real estate is directly affected in this suit. By the decree appealed from the appellant is divested of title and the plaintiff invested with the same. [Keyte v. Plemmons, 28 Mo. 104; Ensworth v. Holly, 33 Mo. 370; Railroad v. Mahoney, 42 Mo. 467.]

"Since the law requires the suit to be brought in the county in which the land lies, it follows that the summons may be sent to any county in the State where the defendant resides or may be found. It has been so held in attachment suits, and the principle is the same in suits of this kind. [Magrew v. Foster, 54 Mo. 258, l. c. 261; Stone v. Trav. Ins. Co., 78 Mo. 655.]

"We hold that this suit was properly brought in the circuit court of Cooper county."

In Brown on Jurisdiction (2 Ed.), p. 32, it is said: "There are three classes of actions known to the common law, namely: personal actions, mixed actions and real actions, or actions that are local. Ordinarily, at common law, real actions and mixed actions are local, and personal actions are transitory."

And the same author on page 171 further says: "The statutes of the different states usually provide that actions shall be brought in the county or district where the defendants, or some of them if more than one, reside. But, in general, the statute provides that real actions, or actions relating to real property, shall be brought in the county where the property lies. If the statute does not provide, the action would be local by common law rules, which are usually adopted in this country by general consent. In order, therefore, to commence an action, local by common law, it is necessary to see that the statute makes express provision for the trial of it as a transitory one. Where the action is local, the venue must be laid in the county in which the land is situated, unless it is otherwise provided by statute."

In Story on Conflict of Law (8 Ed.), sec. 545, p. 760, it is said: "But even in England the court of chancery will not act directly upon lands in the plantations, so as to affect the title, or the possession, or the rents and profits thereof."

Without statutory provisions the common law rule prevails. In 22 Ency. Plead. and Prac., 790, it is said: "In the absence of stautory provisions to the contrary, the original division of actions into transitory and local still prevails in the States of the Union, and the venue of a particular action must be determined by the old common law rules as to venue."

The statutes of the different States, like the common law, have made actions touching the title to real

estate local. Speaking of such statutes in 22 Ency. Plead. & Prac., p. 792, it is said:

"Another common provision as to venue is to the effect that certain actions must be tried in the county where the subject-matter of the action or some part thereof is situated, subject in some states to the power of the court to change the place of trial.

"Under this division are classed the following actions: those which are for the recovery of real estate or which are brought on account of injuries thereto; actions of ejectment; for dower; for waste; for partition; to foreclose mortgages upon real estate or to foreclose a mortgage upon chattels real. In short, as it is often expressed in these statutes, all actions to recover or to procure a judgment establishing, determining, defining, forfeiting, amending, or otherwise affecting an estate, right, title, lien, or other interest in real property come under this classification and are to be tried in the county where the subject-matter of the action or a part thereof is situated."

In Missouri the statute has made the action stated in this petition a local action. Under our statute the St. Louis Circuit Court is without jurisdiction to hear and determine an action affecting the title to real estate, unless such real estate was within the territorial jurisdiction of the court. This statute is but expressive of the common law rule. It but makes a local action out of what was already a local action by the common law. So that, whilst the circuit court of the city of St. Louis has jurisdiction to hear and determine real actions of the general kind here involved, yet there is a limitation to that power, i. e., that the real estate to be affected must be *within* the territorial jurisdiction of the court. The petition before the circuit court disclosed that the court had no jurisdiction, because it disclosed that the real estate sought to be affected was in the State of Virginia.

State ex rel. v. Grimm.

In oral argument counsel for respondent admitted that if title to real estate was involved then the respondent was without jurisdiction. In the face of that admission we can see nothing left, except to declare that respondent is without jurisdiction, and the preliminary rule in prohibition should be made absolute. Counsel argues that the subject-matter of the suit is the alleged forged deed, and that as the alleged forged deed was in the city of St. Louis, and the defendants were found there, the circuit court had jurisdiction of both the subject-matter and the person and therefore the jurisdiction was complete. The trouble is counsel misconceives his own petition. It is clearly an action to cancel a deed upon the ground of fraud, and to thereby remove a cloud upon the title to lands in Virginia. Incidentally it asks for the impounding of the forged deed, but what of that? Standing alone that allegation would come to naught, for no court of equity would impound and hold an alleged forged deed. If the bill only asked for such relief, it would be without merit. The only thing which could be of any value to plaintiff is the cancellation, by decree of court, of this alleged forged deed, so that the cloud occasioned by its record, might be removed. This is what the bill seeks, but as stated above, a Missouri court of equity is without power to grant such relief.

It is clear to our minds that the respondent is without power to hear and determine the cause now pending before him, and the writ of prohibition should go. It is so ordered. All concur except *Lamm* and *Kennish, JJ.*, who dissent in opinion by *Lamm, J.*

## DISSENTING OPINION.

LAMM, J.—My vote is to deny the writ and quash the preliminary rule in prohibition, hence this dissent from the opinion of my learned Brother GRAVES.

The bill in the equity suit sought to be prohibited is loosely drawn. It certainly has allegations looking to clearing away a cloud on the title of the Greer Investment Company to lands in the State of Virginia. It may be conceded that an equity court in this State could not by its decree affect the bare legal title to land in a sister state or clear up such title. To that extent the bill was too broad, too redundant and rambling in allegation. If the jurisdiction of a circuit court of St. Louis depended alone on those allegations, it would have none. But giving the bill the grace of a liberal construction, as we are bound to do, it states a cause of action in equity to avoid a real estate transaction for fraud and to have a certain deed declared void as a conveyance. If inartificially drawn, nevertheless it was amendable. We are not to sit to prohibit a lower court from proceeding in every case in which the petition is bad. If that were so we have indeed at last embarked on a long voyage on an uncharted sea without boundary. True, also, the prayer of the bill in part is to impound a *recorded* deed—a vain and useless thing; for the mischief was consummated when the deed was spread of record. But the demurrer below could not strike at the mere prayer in the bill, unless a prayer is demurrable—a proposition strange to the law. The same prayer asked general relief.

The Greer Investment Company was in St. Louis, Missouri, the Hunts were there and by due summons the court obtained jurisdiction of their persons. Now, a court of equity is *par excellence* a court of conscience. In administering that ghostly office, the chancellor's own conscience being moved, he acts directly by his decree on the consciences of the parties litigant. In equity the rule is, I think, that all litigants are conclusively presumed to have consciences, whatever the real fact may be. If the land be in Virginia and if a Missouri decree can not act extra-territorially

and by its own vigor affect the bare title to Virginia land, yet does that fact oust jurisdiction to lay a burden on the consciences of the Hunts? Or are their consciences also in Virginia where their treasure is, and therefore not to be bound by a Missouri decree? If their consciences are once bound by a decree, are they loosed across the State line? Hardly—the right doctrine being, once bound, always bound. Conceding, therefore, that a decree in St. Louis could not act *in rem* or on the bare legal title, yet that does not oust jurisdiction; for a decree in equity acts *in personam;* it, as said, binds their conscience here and in Virginia. [McCune v. Goodwillie, 204 Mo. 1. c. 336, *ante* and *post.*] It is familiar doctrine that specific performance may be decreed in a court of equity in one State although the land is situated in another. [Olney v. Eaton, 66 Mo. 1. c. 567.] Now, a decree making void a transfer or rescinding it for fraud is but the converse of specific performance, and if a court of equity, having jurisdiction of the person, may bind the conscience of such person to specific performance, why may not the same court rip up the transaction by operating on the same conscience wherever it may be found? If the deed had not been recorded but had been delivered, would not this action lie in Missouri if the Hunts had been found there? Or must a wronged grantor lie by until the fraudulent grantee puts his deed of record? The mere record of the deed is not material to the action, nor does such record destroy the action.

Statutes of Missouri relating to the bringing of real actions and conferring jurisdiction on the circuit court of the county where the land lies, have no bearing here. They affect real actions in our own State, local in character, and, in my opinion, were never intended to affect the general jurisdiction of a court of equity in such an action as this.

*Kennish, J.,* concurs in these views.