EBERHARD et al. v. NORTHWESTERN MUT. LIFE INS. CO.

(District Court, N. D. Ohio, E. D.   January 19, 1914.)

No. 90.

1. INSURANCE (§ 26*)—FOREIGN CORPORATIONS—SUIT FOR ACCOUNTING—JURIS-
DICTION.

Certain Ohio semitontine policy holders in a Wisconsin life insurance
company were not entitled to maintain a bill in the federal courts sitting
in Ohio, to compel an accounting of the corporation's funds applicable to
such policies, and to restrain the corporation from holding an election of
trustees, and from soliciting proxies for such election, and for the appoint-
ment of a receiver of the semitontine dividend funds involving a judicial
interference with the internal management, administration, and control
of the corporation, but complainants would be required to seek such re-
lief in the courts sitting in the state of the corporation's domicile.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig.
§ 26.*]

2. INSURANCE (§ 26*)—LIFE INSURANCE COMPANIES—DUTY TO ACCOUNT—WHAT
LAW GOVERNS.

A suit by semitontine policy holders of a Wisconsin life insurance com-
pany to compel each to account for semitontine dividend funds, and for
other relief involving an interference with the internal management of
the company, is governed by the law of the state of the corporation's domi-
cile.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig.
§ 26.*]

In Equity.   Suit by Charles W. Eberhard and others, for themselves
and other semitontine life policy holders in the Northwestern Mutual
Life Insurance Company, against such company, to compel an account-
ing of the funds of the company applicable to such policies, and for
other relief.   On demurrer to bill.   Sustained.

Wing, Myler & Turney, of Cleveland, Ohio, for plaintiff.

Squire, Sanders & Dempsey, of Cleveland, Ohio, and George H.
Noyes, of Milwaukee, Wis., for defendant.

DAY, District Judge.   A demurrer was filed to the bill of complaint
herein, and overruled on the theory that the relationship existing be-
tween the company and the complainants was not that of debtor and
creditor, and that therefore the action would lie.   The petition for re-
hearing was allowed, and the question is now presented that the de-
murrer should be sustained, inasmuch as the granting of the relief
prayed for in the bill of complaint would require an inquiry into the
internal affairs of the corporation, and that for such purpose the court
sitting in Wisconsin is the only proper forum having the right and ju-
risdiction to entertain the suit.   The complainants herein filed the bill
as members of the corporation—

"not only on their own behalf, but also in behalf of those members of the de-
fendant corporation who have held, or who are now holding, matured or un-
matured semitontine policies issued by the defendant, who may wish to par-
ticipate in the relief herein prayed against the Northwestern Mutual Life In-
surance Company."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

They allege that each is a member of the corporation, by reason of having had issued to each an insurance policy by the defendant company on the semitontine plan. The bill further alleges:

"The defendant corporation since its creation has issued many thousands of policies on the semitontine plan, some of which have matured, and some of which are as yet unmatured, and that many thousand of such policies have been issued to residents of the aforesaid district, and that all of those to whom such policies have been issued are entitled to share with your orators in the trust fund arising from the saving made by the defendant, etc.

"That the said tontine dividend fund is a trust fund in which all of those to whom life insurance policies have been issued as cestui que trusts, and that in ascertaining the interest of each of those to whom policies have been issued, which policies have matured, it will be necessary and proper that an account be taken of the several amounts distributable, not only to those whose policies have matured, but also to those whose policies have not matured, and to whom some portion of such fund will be distributable, in the event that they survive the tontine period provided in the policy, without forfeiting their interest in said fund.

"That many thousands, both in this district and elsewhere, to whom policies on the semitontine plan had been issued by the defendant company, have survived the tontine period pretending to the same, and who have kept all the conditions of the policy, to whom the defendant has paid an amount, falsely pretended and represented by said defendant to be the true and proper proportion of the tontine trust fund, but which, in truth and fact, was not the true and proper proportion payable to such policy holders, and each of them, * * * is entitled to their full share of said trust fund.

"And your orators show that in awarding the relief herein prayed for, it will be necessary to take into account the interest in said fund of all of those to whom policies have been issued on the semitontine plan by defendant, and your orators show that all of those to whom have been issued policies by the defendant on the semitontine plan have an interest in common with your orators in the correction of the method pursued by the defendant," etc.

The so-called reserve fund is then described, which is alleged to be placed in a fund, for the tontine dividend fund—

"which, with its accumulations of interest, is held in trust, to be divided among those who may survive the tontine period, and who shall have paid the premium, according to the terms of their policy."

There follow allegations of misconduct on the part of the officers of the defendant company, in connection with said alleged trust fund, of an inequitable distribution of the semitontine funds; that the apportionment of this fund among the members entitled thereto is based upon erroneous principles, and there are other allegations of fraud, misconduct, and mismanagement on behalf of the company, its officers and trustees, in connection with said fund.

The bill prays:

"That an account may be taken of the various amounts which have been diverted by the defendant from the tontine dividend fund in violation of its trust, and of the various amounts which have been wrongfully withdrawn from said fund by the defendant, and the amounts which have been earned and received as interest from the investment of said bond, and the amounts which have been wrongfully charged to said tontine dividend fund, under the guise and pretense that such amounts have been expended for the benefit of such fund, when in truth such charges were not based upon any expense whatsoever pertaining to said fund, and of the savings made by said defendant on account of the loaning of premiums upon the basis of the mortuary tables, different from the actual rate of death of those insured, as experienced by the

defendant among those to whom it issued policies on the semitontine plan, and the amounts that said defendant has withdrawn from said tontine dividend fund for the purpose of paying dividends to the holders of annual dividend policies, and the amounts paid to agents by the defendant, which have been taken from or charged to the tontine dividend fund, and that said defendant, its officers, agents, and servants, be enjoined from making further diversions of said fund, etc.; that the defendant be required to make a full and complete disclosure of the manner in which it has conducted its said trust with respect to said tontine dividend fund; that a *mandatory injunction be issued* commanding said defendant to restore to said fund all amounts found by a proper accounting and under the direction of the court, to have been wrongfully withdrawn and diverted from said fund; and that said defendant be *enjoined from holding election of its trustees* in the manner herein complained, and that it, the said defendant, *be enjoined from permitting its officers and agents* to solicit proxies at such election; and that the persons elected to be trustees of the defendant by the wrongful methods hereinbefore set forth, *be held and decreed not to be officers of said defendant corporation; and that a receiver be appointed to hold and administer under the orders of this court said tontine dividend fund issue*; that the trust under which said tontine dividend is held by the defendant for your orators and for those in whose behalf they complain, be in all respects, according to its intent and purpose, under the laws, conditions, and contract obligations created; *and that under the direction of this court an account be taken for the interest in said fund of those who contributed thereto*; and in the event that it should be found that said trust should be terminated, *that said fund be divided* to such interest so ascertained."

The prayer also asks for a temporary injunction to be issued against the defendant—

"restraining it from expending any part of said tontine dividend fund for any purpose other than those connected with the insurance issued by it on the semitontine dividend plan, and from expending any of said funds in and about the soliciting and writing of insurance upon the annual dividend plan, and from withholding from said fund, for any purpose whatsoever, any of the interest received by it from the investment made, and which hereafter may be made to said tontine dividend fund."

It is plain that the accounting asked for by the bill requires inquiry into the entire operation of the company and the handling of its funds. It requires an accounting as to dividends received, and as to the payments made upon policies of every kind issued by the company. The bill asks for an injunction against the officers, agents, and trustees of the corporation, who are not parties to this suit, and prays for a receiver to take charge of the fund, and to distribute the same among the various policy holders.

[1] It has been frequently held by the courts that in cases similar to the one under consideration, the court could not grant the prayer of the bill without interfering with the internal management, administration, and control of a foreign corporation, and therefore would not take jurisdiction. Mining Co. v. Field, 64 Md. 151, 20 Atl. 1039; Condon v. Mutual Reserve Fund Life Ass'n, 89 Md. 99, 42 Atl. 944, 44 L. R. A. 149, 73 Am. St. Rep. 169; Wilkins v. Thorne, 60 Md. 253; State ex rel. Minnesota Mutual Life Ins. Co. v. Denton, 229 Mo. 187, 129 S. W. 709, 138 Am. St. Rep. 417; State ex rel. Hunt et al. v. Grimm et al., 243 Mo. 667, 148 S. W. 868; State ex rel. Hartford Life Ins. Co. v. Shain, 245 Mo. 78, 149 S. W. 479; Taylor v. Mutual Reserve Fund Life Ass'n of N. Y., 97 Va. 60, 33 S. E. 385, 45 L. R. A. 621; Howard et al. v. Mutual Reserve Fund Life Ass'n, 125 N. C.

49, 34 S. E. 199, 45 L. R. A. 853; Royal Fraternal Union v. Lunday, 51 Tex. Civ. App. 637, 113 S. W. 185; Clark v. Mutual Reserve Fund Ass'n, 14 App. D. C. 154, 43 L. R. A. 390.

The same principle has been applied by the courts in cases where the stockholder files a bill for an accounting against a corporation organized under the laws of another state where the accounting called for relates to the internal affairs and management of the corporation.   Kelly v. Thomas, 234 Pa. 419, 83 Atl. 307; Wolf v. Railroad Co., 195 Pa. 91, 45 Atl. 936; McCloskey v. Snowden, 212 Pa. 249, 61 Atl. 796, 108 Am. St. Rep. 867; Bidwell v. Railway Co., 114 Pa. 535, 6 Atl. 729; Kimball v. St. Louis & S. F. Ry. Co., 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250; Pierce v. Equitable Life Assurance. Soc., 145 Mass. 56, 12 N. E. 858, 1 Am. St. Rep. 433.   Federal decisions to the same effect are Republican Mountain Silver Mines v. Brown, 58 Fed. 644, 7 C. C. A. 412, 24 L. R. A. 776; Leary v. Columbia River & P. S. Nav. Co. (C. C.) 82 Fed. 775; Gaines v. Supreme Council Royal Arcanum (C. C.) 140 Fed. 978; Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; Edwards v. Schillinger, 245 Ill. 231, 91 N. E. 1048, 33 L. R. A. (N. S.) 895, 137 Am. St. Rep. 308.

The precise question raised by this demurrer was considered by the Circuit Court of Appeals for the Sixth Circuit in the case of Castagnino et al. v. Mutual Reserve Fund Life Ass'n et al., 157 Fed. 29, 84 C. C. A. 533.   If the facts of the present case and the relief prayed for were similar to the facts and the relief prayed for in the case considered by the Circuit Court of Appeals the opinion of Judge Richards would be decisive in this case.   However, in the case of Castagnino v. Mutual Reserve Fund Life Association the facts are essentially different, and the relief prayed for is essentially different. The bill was filed in the Western District of Tennessee against the association to interpret and enforce the contract in the form of a policy of insurance issued by the defendant corporation for $5,000 on the life of Emanuel Castagnino in favor of the other plaintiff, his wife. The defendant demurred, and the court below sustained the demurrer on the ground that the court could not grant the prayer of the bill without interfering with the internal management and administration of a foreign corporation.   The Circuit Court of Appeals reversed the judgment and construed the suit to be one brought in order to construe and enforce the policy, and not one to interfere with the internal management of the company.

[2] In the case under consideration no hardship would be done the complainants if this suit were brought before the proper court in the state of Wisconsin.   They are suing on behalf of themselves and others similarly situated and the relief asked for is such as to affect all of a similar class.   If this were a suit asking only for the interpretation and the enforcement of a policy of insurance, the complainants might well have recourse to this court because it is only just and fair that a citizen of Ohio, who takes a policy in a foreign corporation, after the company had agreed that service of process in Ohio might be made upon it, should have ready resort to the courts of Ohio for redress.   It is admitted by the complainants in their brief that the prayer of the bill may include many things which this court could not do.

Such being the situation, the questions raised by the bill should be settled by the courts of the state in which the corporation is domiciled.

The law of Wisconsin furnishes the rule for the decisions of the questions raised. The complainants have every opportunity to have their rights fairly passed upon by the proper court, and, in view of the many questions raised and of the difficulties which would follow if this court would endeavor to carry into effect whatever conclusion it might reach, I must decline to take jurisdiction, and the demurrer will be sustained.