THE STATE ex rel. G. A. WURDEMAN, Judge of Circuit Court, and SHERMAN E. SMALLEY et al., v. GEORGE F. REYNOLDS et al., Judges of St. Louis Court of Appeals, and STERNS TIRE & TUBE COMPANY et al.

In Banc, June 28, 1918.

1. **JURISDICTION: Courts of Appeals: In Original Proceedings.** Where relief is sought other than in the recovery of a monetary judgment, the value of the right involved, estimated in money, constitutes

275  Mo.—8

the measure of jurisdiction of the appellate court to hear and determine an original writ. Jurisdiction of a court of appeals in prohibition and other original proceedings should be brought as nearly as possible into harmony with its appellate jurisdiction. A court of appeals is not authorized to issue such writs, or to exercise superintending control over inferior courts, in cases in which the Supreme Court has jurisdiction by appeal or writ of error.

2.  ———: ———: ———: Suit Against Corporation for Accounting, Etc. Suit was brought by two stockholders, the par value of whose stock was $8300, against the directors of a corporation, whose tangible property was $25,000, charging deceit, fraud and waste in its management, and praying for an accounting and the appointment of a receiver. Held, that the Court of Appeals had no jurisdiction of a writ of prohibition to prevent the circuit judge from hearing and determining the bill in equity.

3.  FOREIGN CORPORATION: Supervision by Domestic Courts. A court of equity, by statute and independently of the statute, has power to exercise a supervisory control over a foreign corporation, whose chief office, principal place of business and tangible property are in this State and whose directors and other officers reside here, and at the request of its stockholders, showing fraud, deceit and waste by its managers and directors, to entertain a bill asking for an accounting and the appointment of a receiver. [Distinguishing State ex rel. Life Ins. Co. v. Denton, 229 Mo. 187, and State ex rel. Hartford Life Ins. Co. v. Shain, 245 Mo. 78.]

4.  INJUNCTION: Prior Notice. The giving of notice of an application for temporary injunctive relief and the appointment of a receiver for a corporation is not a necessary precedent condition in all cases. Where the need is crying notice is not a prerequisite.

5.  PLEADING: Accounting. Pleadings for an accounting are liberally construed, and where the allegations substantially state a case a demurrer to the petition should be overruled. The bill must be interpreted by employing in its aid all reasonable inferences from the facts stated and all implications and intendments its terms will afford, in support of any relief competent for the court to grant.

6.  ———: ———: Profit on Company Stock. An allegation in the petition of stockholders against the president and directors of a corporation that the president bought 300 shares of its stock from a stockholder at $40 a share for the use of the company and sold it at $60 per share, at a profit of $2000 to himself, states a specific and sufficient ground for an accounting.

7.  ———: ———: False Entry on Books. A charge by a stockholder in his petition that the president and directors purchased certain articles for the corporation at $17,000 and then caused entries to

be made on the books showing an expenditure of $22,000 on that account, will authorize an accounting.

8. ———: **Removal of President of Corporation.** A bill by a stockholder which seeks to have the president of the corporation removed on the ground that he draws an exorbitant salary, stating facts which tend to show that his salary is exorbitant, is not demurrable.

### Prohibition.

WRIT GRANTED.

*Albert D. Nortoni* and *A. E. L. Gardner* for relators.

(1) It is manifest on the face of the petition, that the amount in dispute exceeds the sum of $7500, and therefore such suit is within the supervisory control and appellate jurisdiction of the Supreme Court. The St. Louis Court of Appeals therefore was and is without jurisdiction to issue or entertain its prohibition against the circuit court in which the suit was then pending. State ex rel. Union Electric Light & Power Co. v. Reynolds, 256 Mo. 710; State ex rel. Sale v. Nortoni, 201 Mo. 1; State ex rel. Blakemore v. Rombauer, 101 Mo. 499; State ex rel. Rogers v. Rombauer, 105 Mo. 103. (2) It is the settled law, that upon the state of the record in the court of first instance depends the question as to whether the Court of Appeals or the Supreme Court has jurisdiction. State ex rel. Union Electric Light & Power Co. v. Reynolds, 256 Mo. 710; Bates v. Werries et al., 196 S. W. 1124; Bowles v. Troll, 262 Mo. 377. This is the rule deduced and announced by the St. Louis Court of Appeals in Gartside v. Gartside, 42 Mo. App. 513, 113 Mo. 348; Evens-Howard Fire Brick Company v. St. Louis Smelting Co., 48 Mo. App. 634; Evens-Howard Fire Brick Company v. St. Louis Smelting Co., 48 Mo. App. 636. (3) The par value of the stock owned by plaintiffs, under the averments of the petition, fix the amount in dispute at $8300, at any rate and in any view of the case. Robinson v. West Virginia Loan Co., 90 Fed. 770. In a suit by stockholders, for the appointment of

a receiver of a corporation, the amount in dispute may also be ascertained by reference to the value of the corporate assets, for the receiver takes title to such assets and property when such is the decree. Towl v. American Building Loan & Inv. Co., 60 Fed. 131; Thompson v. Greeley, 107 Mo. 577; High on Receivers (4 Ed.), Secs. 121 and 121a. (4) Irreparable loss and damage means that injury or loss cannot be compensated—that is, of course, a total loss. 23 Cyc. 356. (5) "The plaintiff may have under the prayer for general relief any relief he shows himself entitled to and which is also consistent with the petition." Munenks v. Bunch, 90 Mo. 500; Newham v. Kenton, 79 Mo. 382; McGlothin v. Hemery, 44 Mo. 350. The courts are liberal in their construction of pleadings for an accounting and the bill or complaint will be upheld when the allegations substantially make out a case." 1 Ency. Plead. & Prac. 97. "The pleading should be construed in its plain and ordinary meaning, according to the object of the bill, and such an interpretation given it as fairly appears to have been intended by its author." Stilwell v. Hamm, 97 Mo. 579; Hickory Co. v. Fugte, 143 Mo. 71; Davis v. Jacksonville Line, 126 Mo. 78. Such, too, is the sense of the statute. Sec. 1831, R. S. 1909. (6) The directors and officers of a corporation occupy a fiduciary relation toward the shareholders and are treated in equity as trustees for them. 10 Cyc. 887; Chouteau v. Allen, 70 Mo. 290; Keokuk Packet Co. v. Davidson, 95 Mo. 467. Therefore, such directors and officers are not permitted to deal at once for the corporation and themselves and will be required to account, if they do so. 10 Cyc. 789; Keokuk Packet Co. v. Davidson, 95 Mo. 467. Such directors and officers are not permitted to secure to themselves an advantage not common to all shareholders, nor make a secret profit, and, if they do, they are required to account to the corporation and its shareholders. 10 Cyc. 791-792; Keokuk Packet Co. v. Davidson, 95 Mo. 467.

*Morton Jourdon, Geo. C. Mackay* and *W. G. Carpenter* for respondents.

(1) The Court of Appeals has jurisdiction because the case, as presented by the petition in the trial court, in no manner discloses facts which show that the "amount in dispute" exceeds its statutory jurisdiction of $7500. R. S. 1909, sec. 3937; Bates v. Werries, 196 S. W. 1124; Bowles v. Troll, 262 Mo. 377. (2) The allegations in the petition urged as the basis for an accounting give no data sufficient to show that the "amount in dispute" exceeds the jurisdiction of the Court of Appeals. Albers v. Moffett, 262 Mo. 645; Kocurek v. Matychowiak, 185 S. W. 740. (3) There is nothing in the record which discloses any legal basis for showing that the monetary value of the injunction or other equitable relief sought in the petition exceeds the jurisdiction of the Court of Appeals. Gast Bank Note Co. v. Fennimore Assn., 147 Mo. 557. (4) "It is always a suspicious circumstance where a single stockholder, among a large number of a corporation, rushes into a court of equity to vindicate, unaided and alone, the rights of the corporation and all other stockholders; and especially is this so, where the amount of stock owned by him is so very limited that in case of success his own share of the recovery will be so small as to make the maxim *de minimis non curat lex* very properly applicable" SAWYER, J., in Dan Meyer v. Coleman, 11 Fed. 97). Benedict v. Western Union, 9 Abb. New Cases, 214; Albers v. Exchange, 45 Mo. App. 206.

WALKER, J.—This is a proceeding in prohibition against the judges of the St. Louis Court of Appeals, the Sterns Tire & Tube Company, William L. Burgess, Otto L. Menzing, Adam M. Joerder and Arthur E. Koerner.

A bill in equity had been filed in the circuit court of St. Louis County by Sherman E. Smalley and Ephrim S. Garrett, relators herein, against the corporation

and the individuals who are respondents here. These respondents sued out a writ of prohibition in the St. Louis Court of Appeals to prevent the hearing and determination of the said bill in equity. After the issuance of the preliminary writ of prohibition by the Court of Appeals, the action at bar was instituted to prevent further interference by the Court of Appeals with the suit in equity, on the ground of a lack of jurisdiction. The respondents' answer was in the nature of a demurrer. Upon these pleadings, after argument, the case was submitted.

The bill in equity is set out at length in the petition for prohibition filed herein. The material allegations of same having been admitted by respondents' demurrer, constitute the facts for the determination of relators' right to a permanent writ. Such allegations therefore, as are necessary to an understanding of the case, and are determinative of the Court of Appeals' jurisdiction, will be embodied in the statement of facts.

Hon. Gustavus A. Wurdeman is one of the judges of the circuit court of St. Louis County. The bill in equity was filed in his division of that court. When the writ of prohibition was sued out in the Court of Appeals he was named therein as one of the respondents. Hence, his appearance as one of the relators in the case at bar. The relators, other than Judge Wurdeman, are Sherman E. Smalley and Ephrim S. Garrett. Their interest in the proceeding is as stockholders in the Sterns Tire & Tube Company, the corporation respondent. Smalley owns 28 shares of the capital stock of same, and Garrett 55 shares. Each of these shares has a par value of $100, or a total value of $8300. It was to protect their respective interests as stockholders of said corporation that the suit in equity was instituted.

Of the respondents, Burgess is the president of the said corporation; Menzing is its vice-president and sales manager; and these two, with Joerder and Koerner, are the sole directors.

The corporation was organized in the State oi Delaware, with a capital stock of one million dollars, divided into ten thousand shares of the par value of $100 each. Soon after its organization, it was authorized to do business in Missouri. It maintains its chief office or place of business in St. Louis County, where it owns and occupies in the transaction of its business about four and one-half acres of land, with buildings thereon, and machinery, goods, wares, merchandise, books and papers, of the value of $25,000.

The petition or bill in equity charges at great length and with much particularity, that Burgess, the president, who is paid, as such, a salary of $10,000 per year, directs and dominates the other directors and thereby has the complete control of the business and affairs of the corporation; that the management of same by said Burgess and the other directors is characterized by deceit, fraud and waste, in disregard of the best interests of the corporation, and to the damage and irreparable loss of all its stockholders, except its directors; that for a number of years the statements made by these directors of the business affairs of the corporation show that it is being conducted at a great loss during each month and year covered by the term specified, up to the date of the filing of said bill, and that it has no income except that arising from the sale of its stock. This is followed by the usual formal allegations of a lack of other adequate remedy, the necessity for the protection of all of the stockholders, of the appointment of a receiver, an accounting, and for such other and further orders, etc., as may be necessary within the authority of the court.

As is evident from the character of the pleading of respondents, the issuance of the writ herein, except incidentally, is not questioned on account of the technical insufficiency of the petition or bill. It is contended, in effect, that what it does show, rather than what it does not, constitutes grounds ample for the refusal of the writ.

The returns of the respective respondents, stated briefly according to their tenor, will most aptly illustrate their attitude. The judges of the St. Louis Court of Appeals raise a question of law solely in that they insist that said court is rightfully possessed of jurisdiction to issue its writ against the circuit court of St. Louis County, and that the presiding judge of the Court of Appeals was acting within the jurisdiction of said court when he issued the preliminary writ of prohibition, and that such court has full and complete authority to hear and determine the same.

The other respondents, Sterns Tire & Tube Company, William L. Burgess, its president, Otto L. Menzing, Adam M. Joerder and Arthur E. Koerner, all of whom are directors thereof, for their return, demur to the petition. and writ of relators in that they say: first, that the matters and things therein stated are not sufficient in law or equity to entitle relators to the relief asked for in said petition or to authorize the issuance of the writ of prohibition by the Supreme Court; second, that the record in the prohibition proceeding in the St. Louis Court of Appeals, which relators here assail, does not disclose such facts as to bring the said proceeding within the jurisdiction of the Supreme Court, but that such record on its face discloses that said cause is within the jurisdiction of the St. Louis Court of Appeals; third, that there is nothing before this court from or by which it is made to appear that the money value or "the amount in dispute" exceeds the statutory jurisdiction of the Court of Appeals; fourth, that, in the petition or bill in equity, filed in the circuit court of St. Louis County, which is the basis of this action, the plaintiffs therein pray that the said court require (1) defendants Burgess, Menzing, Joerder and Koerner to account to the defendant corporation for all moneys made by means of secret profits, as therein mentioned, for the benefit of the corporation and all of its stockholders; (2) that said Burgess, Menzing, Joerder, and Koerner be removed as officers and as directors

of the corporation and restrained from further con-
ducting or interfering with its affairs, and (3) that a
receiver be appointed for such corporation. That said
petition, or bill, presents no data for estimating the
amount which might be derived, if any, if it were ad-
judged that an accounting on the part of the defendant
directors be had, and there is no legal basis for es-
timating the value of any of the relief sought by
plaintiffs in their petition. Respondents, therefore,
pray the preliminary writ of prohibition be discharged.

I. As to jurisdiction. The object here is not to
obtain a money judgment. If so, the question as to
the court entitled to cognizance in the determination
of this case would be of easy solution, the
terms of the Constitution being so plain
and pertinent relative thereto, that the employment
of other words in defining its meaning would be ren-
dered unnecessary. While the Constitution confers
power upon the Courts of Appeals, as well as the
Supreme Court (Secs. 3 & 12, Art. 6.), to issue and
determine original remedial writs, the line of demar-
cation between the jurisdictions of these respective
courts in this regard is not defined. The general
language employed in the Constitution has, therefore,
rendered judicial interpretation necessary that the
cognizance of these tribunals in cases of the character
here under review may be rendered as nearly in har-
mony with the court's appellate jurisdiction as the
difference in the cases may admit. The result of this
interpretation, as attested by numerous cases, is that
where relief is sought other than in the recovery of a
money judgment, the value of the right necessarily
involved, estimated in money, will constitute the meas-
ure of jurisdiction. [Bates v. Werries, 196 S. W. l.
c. 1126; Bowles v. Troll, 262 Mo. l. c. 382; State ex
rel. E. L. & P. Co. v. Reynolds, 256 Mo. l. c. 718.]

Ruled otherwise, we would have presented the in-
congruous spectacle of the Courts of Appeals' ap-
pellate jurisdiction being limited to $7500, and having

*Jurisdiction.*

no limit in applications for original writs. This was not intended by the framers of the Constitution; but, that these tribunals in the exercise of their respective jurisdictions, should be governed by the same standard in one class of cases as in others.

Here the value of the right of relators, necessarily involved, is that of $8300. The actual value of the tangible property, real and personal, of the corporation, admitted by respondents. (State ex rel. v. Reynolds, supra), is $25,000. Leaving out of consideration the value of the capital stock other than that belonging to the relators, the definitely stated value of the right involved is far in excess of the jurisdiction of the Court of Appeals. The conclusion is therefore authorized, in harmony with the reasoning in the cases cited, and as definitely declared in State ex rel. Sale v. Nortoni et al., 201 Mo. 1, that "the Court of Appeals has no jurisdiction by original writ of prohibition to prohibit a circuit court from proceeding in a case where the appeal from a judgment in such case is to the Supreme Court."

The result of this ruling, expressed in general terms, is, that while the Constitution gives courts of appeals co-equal authority with the Supreme Court in the issuance of original writs and in the superintending control over inferior courts, it does not mean that the courts of appeals shall issue such writs, or have such superintending control, in cases in which the Supreme Court would have jurisdiction by appeal or writ of error.

II. The absence of jurisdiction of the Court of Appeals having been shown, there remain only subordinate questions for determination. It is **Sufficient Petition.** rather timorously urged by respondents that the bill in equity upon which this controversy is based, while lacking definiteness of averment, is not sufficiently comprehensive to authorize the trial court in granting the relief sought. We do not agree with this conclusion. While we have not set out the bill

*in haec verba* in the statement of facts, we have care-
fully examined the same in the light of apposite pre-
cedents, and while it abounds in words, and, as a con-
sequence, is unusually lengthy, it contains all of the
necessary allegations to entitle the plaintiffs, upon
adequate proof, to the relief prayed for. In view of
this conclusion, a review in detail of the respondents'
objections in this regard, would be profitless and serve
only to unduly lengthen this opinion.

III. It is urged that a foreign corporation doing
business in this State is immune from the supervising
control of a court of equity. There is no
merit in this contention. This corporation
not only has its chief office and principal
place of business in this State as well as
all of its tangible property, but its directors and other
officers reside here. Other than its creation in a foreign
State, its attributes, functions and activities are the
same as those of a domestic corporation. Under this
state of facts, the contention is attenuated that it
should not be subjected to the supervision of our courts
in the same manner as are domestic corporations.

The relief sought by relators as plaintiffs below,
as applied to a domestic corporation, is well within
the purview of a court of equity. A cogent reason
exists for the denial of such relief when asked in the
supervision of a foreign corporation where the facts
are such that the decree, if rendered, is impossible of
enforcement. This condition existed in the case of
State ex rel. Life Ins. Co. v. Denton, 229 Mo. 187. In
that case, this court prohibited the circuit court from
inquiring into the business of a foreign insurance
corporation for the purpose of correcting certain al-
leged mismanagement. The bill, so far as its formal
sufficiency in equity and the right of plaintiffs to re-
lief, under an effective state of facts, was not ques-
tioned; but it appearing that except for the transitory
transaction of business here, the corporation was not
only created in a foreign jurisdiction, but had its

*locus standi,* officers, office, and assets there, it was
held that a decree rendered, in favor of the plaintiff
would be futile; that while the arm of a court of equity
will reach anywhere within our borders, it will not
reach beyond, and hence the proceeding should be pro-
hibited. The bill in that case asked for a discovery
and an accounting, and VALLIANT, J., in his usual per-
spicuous style, in disposing of the question, said:
"Such an accounting is not beyond the jurisdiction of
a court of equity that may have full jurisdiction of
the corporation, but is beyond the jurisdiction of a
court of equity that has only the limited or qualified
jurisdiction over a foreign insurance company that is
given by our laws to our courts." [P. 196.] This
doctrine is but a special application of the general
maxim that a court of equity will not do a vain and
foolish thing. It finds further judicial expression in
the case of State ex rel. Hartford Life Ins. Co. v.
Shain, 245 Mo. 78, 149 S. W. 479, in which it is held,
WOODSON, J., speaking for the court, that "a court
has no jurisdiction to order an accounting of a foreign
corporation's business affairs and to determine there-
from in a suit against it by a member thereof, whether
he has been and is being charged excessive rates on
his insurance certificate issued by it, and thereupon
render judgment for an excess collected, and enjoin
any such collections."

So far as this declaration may appear from its
terms to be general, it might be held to support the
conclusion that a foreign insurance company could not
be supervised by our courts in regard to the matters
therein mentioned. The ruling, however, must be in-
terpreted in the light of the facts upon which it is
based. They are, that the corporation, as in State
ex rel. v. Denton, supra, in addition to its creation
elsewhere than in the State, had no other local exist-
ence than to transact business here. This ruling,
therefore, may be said to be in complete harmony
with that in the Denton case. The rule announced in
these cases does not militate against the conclusion

reached here, as to the right of our courts to supervise a foreign corporation where it exists under the conditions of the respondent herein. On the contrary, these cases support our conclusion. They decide, not that a foreign corporation as such, is exempt from the supervision of our courts, but that it is so by reason of the place of its residence, location of its property, and general conduct of its business. Where these three conditions are found to exist so as to render the enforcement of a judgment impossible, then supervision is held to be unauthorized.

Elsewhere, the rule is announced under like limitations, viz., that the right of supervision by the courts will not be exercised over a foreign corporation where the location of its officers, property and accounts are without the State, and the orders and decrees of the courts cannot, as a consequence, be enforced. [Sauerbrunn v. Hartford Life Ins. Co., 220 N. Y. 363, and cases cited p. 372; Eberhard v. Northwestern Mut. Life Ins. Co., 210 Fed. 520. and cases cited, pp. 522 & 523.]

The right of a court of equity to appoint a receiver for, and otherwise supervise the affairs of a foreign corporation, is elabotately discussed with the citation of many cases in the report of Low v. R. P. K. Pres. Met. Co., 91 Conn. 91, in L. R. A., 1917D, pp. 291-306. There is a contrariety of conclusions in regard to subordinate matters in these cases, but the general doctrine, in harmony with that announced herein, prevails.

While independently of statute a court of equity has power to entertain a bill against a domestic and, in accord with our rulings, a foreign corporation as well, under the facts in the instant case (Cantwell v. Lead Co., 199 Mo. 1; Thompson v. Greeley, 107 Mo. 577; Greeley v. Bank, 103 Mo. 212; Cox v. Volkert, 86 Mo. 505), we are not without legislative authority in that behalf.

Under Section 3037, Revised Statutes 1909, foreign corporations doing business here are subjected to all of the liabilities, restrictions, and duties of corpora-

tions of like character organized under the laws of this State. Section 3038, Revised Statutes 1909, provides explicitly that receivers may be appointed to take charge of the business, property and effects of foreign corporations, etc.; the powers granted to the receiver being similar, if not identical, to those conferred upon receivers of domestic corporations. There is, therefore, under the pleadings and facts, no question as to the power of a court of equity to take cognizance of this case.

IV. It is contended that there was no notice of the application for temporary injunctive relief, and
Notice. the appointment of a receiver. The proceeding here was not to stay a judgment within the contemplation of Sections 2517 and 2518, Revised Statutes 1909. While notice of applications in cases of this character is usually required; where, as in this case, the need is a crying one, notice is not held to be a prerequisite (State ex rel. v. McQuillin, 256 Mo. l. c. 707; Tuttle v. Blow, 176 Mo. l. c. 171). Equity has never prescribed the necessity of giving notice as a condition precedent in all cases of the granting of temporary injunctions. [State ex rel. v. Woodside, 254 Mo. l. c. 592.]

V. Notwithstanding our conclusion as to the sufficiency of the bill as a whole, we have considered respondents' special contentions in regard to the lack of certain averments, regardless of the fact that the complete lack of jurisdiction of the Court of Appeals may render these contentions beside the case. Respondents insist, with that technical minuteness characterized by an argument in support of a demurrer, that the bill is insufficient in failing to embrace the necessary allegations to sustain an order for an accounting. The established rule is that courts liberally construe pleadings for accountings, and when the allegations in regard thereto substantially make out a case this will suffice. [1 Enc. Pl. & Pr., p. 97, note 2.]

Moreover, we have frequently ruled that pleadings generally should be given such an interpretation as fairly appears to have been intended by the pleader. [Hickory Co. v. Fugate, 143 Mo. l. c. 79; Davis v. Jacksonville So. Line, 126 Mo. l. c. 78; Stillwell v. Hamm, 97 Mo. 579.] Furthermore, the bill must be interpreted by employing in its aid all reasonable inferences from the facts stated and all implications and intendments which its terms will afford, in support of any relief competent for the court to grant. [Thomasson v. Mer. Town Mut. Ins. Co., 217 Mo. 485; People's Bank v. Scalzo, 127 Mo. 164; Salmon Falls Bank v. Leyser, 116 Mo. 51.]

The charge in the bill that Burgess, a director and president of the corporation, purchased 300 shares of the stock of the company from Sterns for the use of the company, at $40 per share, and resold 100 of such shares to one Meyer, at $60 per share, at a profit to himself of $2000, for which he should account to the company, is a plain and specific charge for an accounting, even good as against a demurrer.

In addition, there is the charge in the bill that Burgess and his co-defendant directors, co-operating, purchased a calendar for the company at $17,500 and then caused entries to be made on the books showing an expenditure of $22,000 on that account. This will authorize an accounting, because in the concluding paragraph of the bill, prefatory to a prayer for general relief, an accounting is called for on all of the charges of fraud and waste theretofore specifically pleaded.

This bill is in nowise similar to that considered by this court in Albers v. Moffitt, 262 Mo. 645. There were no data set out in that case on which an accounting might be based. There is in the case at bar.

But even though no accounting can be had on the bill save on the $2000 item alone, it is nevertheless sufficient, for it seeks to remove Burgess, the president, from his office as director, on an allegation that he

draws an exhorbitant salary of $10,000 a year, which constitutes, as alleged, a wasteful expenditure of the funds of the company. This alone, apart from the other allegations in the bill, serves to fix the jurisdiction and supervisory control of this court.

Our conclusion is that the preliminary rule in prohibition issued by this court should be made absolute, and it is so ordered.

*Bond, C. J., Graves* and *Woodson, JJ.*, concur; *Faris* and *Williams, JJ.*, concur in result, and *Blair, J.*, concurs in paragraph 1 and result.